ISAAC HICKENBOTHAM *et al.*

*v.*

WOODRUFF BLACKLEDGE *et al.*

1. PARTIES IN CHANCERY—*in what mode persons may be made parties to a bill.* A bill in chancery for partition was exhibited by a portion of the heirs of the former owner of the land sought to be partitioned, and two others were named, and prayed to be made defendants to the bill. The bill recited that there were other heirs besides those so named, who were minors, and children of the common ancestor from whom all derived title, but those minors were not joined as complainants nor prayed to be made defendants, nor was process issued against them, though a guardian *ad litem* was appointed for them, who undertook to enter their appearance: *Held,* the minors could not be treated as parties to the suit, nor would a decree therein affect their interests.

2. INFANTS—*if defendants, should be served with process.* In order that a decree shall affect infants, they must be made parties to the bill, either complainant or defendant, and if the latter, they must be served with process.

3. DECREE IN PARTITION—*its requisites.* A decree in partition is erroneous if it fails to find the respective interests of the several tenants in common.

4. PARTITION—*the sale must follow the decree.* Where a sale of premises is decreed in a suit for partition, the master can properly sell only such parcels as are directed to be sold in the decree, although other tracts may be named in the bill. Nor will the approval by the court of the report of the master, showing a sale of lands not decreed to be sold, operate to render such sale valid.

WRIT OF ERROR to the Circuit Court of Clay county; the Hon. JUSTIN HARLAN, Judge, presiding.

The opinion states the case.

Messrs. COPE & BOYLES, for the plaintiffs in error.

Mr. B. B. SMITH and Mr. M. SCHÆFFER, for the defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a suit in chancery, brought by Woodruff Blackledge and Elizabeth Blackledge, in the Clay circuit court, against William Hickenbotham and Elizabeth Hickenbotham, for the partition of six hundred and forty acres of land. The bill charges that complainants and defendants, with a number of other persons, who are minors, are the owners of the land; that the parties in interest derive their title to the property as children and heirs of Gideon Hickenbotham, deceased, except Woodruff Blackledge, who only claims such an interest as he acquired by marriage with one of the heirs. There is a prayer in the bill that a guardian *ad litem* be appointed for the minor co-tenants, and that William and Elizabeth Hickenbotham be made defendants, and for process, and for a division and partition of the premises.

A summons was issued and served on William and Elizabeth Hickenbotham, but no summons was issued or served on the minors, nor were they otherwise brought into court. But, at the next term, the court appointed a guardian *ad litem* for the minor heirs, who filed an answer and entered the appearance of the minors. William Hickenbotham entered his appearance, and Elizabeth made default, and the bill was taken as confessed as to her. A trial was had and evidence heard, when, "the court being satisfied that complainants and defendants, heirs at law of Gideon Hickenbotham, have interests in and to" the lands, it was decreed that partition of the same be made, with the exception of the widow's dower, which had, as the decree finds, been previously allotted to her, and commissioners were appointed to make partition.

At the next term of the court, the commissioners reported that the premises were not susceptible of partition without manifest injury to the parties in interest. The court thereupon ordered the sale of the lands, and ordered the costs to be first paid, and the remainder to be divided into ten equal parts, one of which was to be paid to each heir. The master made the

sale, which he reported to the court, and it was approved. It appears that the N. E. N. E. sec. 13, 27 E. was described in the bill as being a portion of the land belonging to the heirs, but it does not appear as a portion of the lands ordered to be partitioned, nor does it appear in the decree of sale which describes the lands, but it appears, by the master's report, to have been sold with the other tracts.

It was manifest error to decree a partition or sale of lands of persons not parties to the record. And in this case, the minors were not made parties to the bill. There were only two persons named as complainants, and the bill only prays that two other persons be made defendants, and process was only issued against and served upon the two persons made defendants by the bill. It is true, the bill recites that the minors are children and heirs of their common ancestor, from whom they derived title, but there is nothing from which it appears that there was any design to make them parties, either complainant or defendant. The first step that has the least semblance to an effort to make them parties, is the appointment of the guardian *ad litem,* and his effort to enter their appearance.

The minors should have been made parties, either plaintiff or defendant, and if the latter, a summons should have been issued against and served upon them. Unless the bill had made them defendants, the court could not do so by merely appointing a guardian *ad litem,* and his entering their appearance. They should at least, to have become parties, been so named by the bill, and a summons issued against them and served, if defendants. Not being parties to the bill, the court had no power to render any decree affecting their interests in this real estate, and in that the decree was erroneous.

Again, the decree is erroneous in failing to find the interest of each of the several tenants in common. It is not enough to find that each had some interest in the land. The eighth section of the partition act declares that it shall be the duty of the court to ascertain and declare the rights, titles and

interests of all the parties, as well petitioners as defendants, and give such judgment as may be required by the rights of the parties. This the court failed to do, and in this there was error. In the absence of the statute, and under the chancery powers of the court, it is equally necessary, as in the absence of such finding, a partition must, in the mode of its execution, depend alone on the opinion, or perhaps the caprice, of the commissioners. It is the court, and not the commissioners, whom the law requires to adjudicate and determine the rights of the parties, and their extent.

Again, there was error in selling the forty acre tract, which was neither decreed to be divided nor sold. Without a decree for its sale, the master exceeded the bounds of his authority, and acted without warrant. Nor can it be claimed that the approval of his report cured the error or supplied the want of power. Had he sold land belonging to the parties, but not named in the bill, no one would contend that the title would have passed, because there was no sentence or decree of a court, having competent jurisdiction, for its sale. And in principle, the case under consideration is the same. For the errors indicated, the decree of the court below must be reversed and the cause remanded.

*Decree reversed.*