## JOHN A. CAMPBELL *et al.*

*v.*

## MARGARET J. CAMPBELL *et al.*

1. INFANTS—*should be served with process.* In order that a decree shall affect infant defendants, they must be served with process.

2. SAME—*what necessary to support a decree against.* To support a decree against infants, the material allegations of the bill must appear to have been proven, either by the finding of the court in the decree or by evidence preserved in the record.

3. SOLICITOR'S FEE *taxed as costs.* In a suit for partition a decree was entered directing a sale of the land, and that the commissioner pay the solicitor's fee, and the report of the commissioner of the payment of such fee was approved. The decree and order of approval were made prior to the act of 1869 allowing the taxation of solicitors' fees in such cases, and was erroneous.

WRIT OF ERROR to the Circuit Court of Wayne county; the Hon. JAMES M. POLLOCK, Judge, presiding.

Mr. JAMES McCARTNEY, for the plaintiffs in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a suit in chancery, brought against the plaintiffs in error, and others, as the heirs of John A. Campbell, for the partition of a certain tract of land.

The bill alleges that the plaintiffs in error were minors. A summons was issued against but not served upon them. A guardian *ad litem* was appointed for them, who filed a formal answer.

In order that a decree shall affect infants, they must be served with process. *Hickenbotham* v. *Blackledge*, 54 Ill. 316; *Fischer* v. *Fischer*, ib. 231.

The decree against the plaintiffs in error without the service of process upon them was erroneous.

There is no proof in the record, nor is it found by the decree, that the ancestor of the defendants died seized of the land, or that the defendants had any interest therein. To support a decree against infants, the material allegations of the bill must appear to have been proved, either by the finding of the court in the decree or by evidence preserved in the record. This is the settled and familiar rule of the court.

There was error in directing the commissioner for the sale of the land to first pay out of the proceeds of such sale the costs of the suit, including attorney's fees, and in the approval of the report of the commissioner of the payment of $25 attorney's fee. The statute allowing the taxation of a solicitor's fee in proceedings for the partition of real estate, was not passed until 1869, some time after the decree and said order of approval.

The decree is reversed and the cause remanded.

*Decree reversed.*