STEPHEN VAN DUSEN

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

78    645
e189 ²167
78    645
d110a 267

1. PERJURY—*evidence of where affidavit was made.* On the trial of one for perjury in making an affidavit, if the State and county are given in the venue of the affidavit, this is ample evidence, in the absence of contrary proof, to show that the oath was administered in the county named in the venue.

2. SAME—*officer administering oath must do so in his district where he has power to act.* On a charge of perjury in making an affidavit, the oath being administered by a township assessor to a party being assessed by him, if the proof fails to show that the affidavit was sworn to in the assessor's township, where he alone has power to act, no conviction can be had.

3. The officer who administers an oath must have legal and competent authority, or the person taking the oath before him, however false it may be, can not be convicted of perjury.

4. OFFICER—*power to act officially out of his district.[*]* Unless authorized by statute, an officer can perform no official act outside of and beyond the territorial limits in which he is authorized and required to act. An assessor not being authorized to assess property out of his township, can not, lawfully, administer an oath to a person, except in his township, in relation to his rights and credits liable to assessment.

WRIT OF ERROR to the Circuit Court of Whiteside county; the Hon. WILLIAM W. HEATON, Judge, presiding.

Mr. W. E. LEFFINGWELL, and Mr. JAMES SHAW, for the plaintiff in error.

Mr. JAMES K. EDSALL, Attorney General, for the People.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an indictment for perjury, found by the grand jury of Carroll county, against plaintiff in error, at the September term, 1873, of the circuit court thereof. The affida-

---

[*] See *Durfee* v. *Grinnell et al.* 69 Ill. 371, as to what acts a justice of the peace may perform out of his township or precinct.

vit alleged to be false was sworn to before Samuel Lichty, assessor of Wysox township. The indictment contains two counts. The first charges, that on the 1st of May, 1873, there was owing to plaintiff in error, for money loaned, the sum of $10,811. The second charges, that there was owing him the sum of $6811, specifying the persons and amounts each person owed him on the day named, and it charges that he swore that there was owing him on that day but $1000 for money loaned.

A change of venue was had to Whiteside county, and at the August term, 1874, plaintiff in error was tried, and the jury found him guilty, and fixed the time he should serve in the penitentiary at three years. He, thereupon, prosecuted this writ of error, and asks a reversal of the judgment.

It is urged that there is no evidence tending to prove the oath was administered in the county of Carroll. Counsel misconceive the force and effect of the venue in the caption of the affidavit. It is, "State of Illinois, Carroll county," which clearly manifests the place where the oath was administered. In all affidavits and other papers requiring such a venue, it is for the very purpose of indicating the place where the act was done. Finding such a venue in the caption of the affidavit, in this case, the proof, until overcome by competent evidence, is ample of the fact that the oath was administered in Carroll county. There is no force in this objection.

It is further objected, that there is nothing to show the assessor acted in the territorial limits of his township, and in the absence of such proof, the conviction was wrong, and the judgment should be reversed. The doctrine will be conceded by all, that, unless authorized by the statute, an officer can perform no official act outside of and beyond the territorial limits in which he is authorized and required to act. The clerk of a court in one county has no power to issue a writ or perform any other official act in another county. So of a sheriff in serving process, unless expressly authorized. *Jackson* v. *Humphrey*, 1 Johns. R. 498. This rule seems to be elemen-

tary. It is true that the General Assembly may enlarge the power, or courts, under the statute, may confer the power by commission, to take depositions in a foreign government or State; but, until thus empowered, the act is extra-territorial, and is not valid or binding. In this case, the assessor was authorized, in the discharge of his duty, to administer the oath to accused as a tax-payer. He is, by the 26th section of the Revenue Law, authorized to administer oaths to persons listing property for taxation, whenever he believes the latter have failed to make a fair list of their property.

But that section, or any other, so far as we have been able to find, has not authorized him to administer an oath out of his township. He is elected in it, by the voters thereof, to assess the property therein, and the law contemplates that he will act officially within its territorial limits. The law has imposed no official duty to be performed beyond the territory of his township. His assessment of property outside of his township and in another, would strike any one as being *ultra vires* and void, and, for the same reason, an oath administered by him extra-territorially, is equally void. And it is because he is authorized to perform official acts within his township, and is not empowered to do so beyond its limits. It will be denied by none, that the officer who administers an oath must have legal and competent authority, or the person taking it before him, however false, can not be convicted of perjury.

In this case, there is not the slightest evidence to show the affidavit was sworn to in the township. It was indispensable that this fact should appear from the venue in the caption, or otherwise. There being no such evidence, the court below erred in not setting aside the verdict, and granting the accused a new trial.

The evidence as to the falsity of the oath is loose, uncertain, and to say the least, slight, upon which to convict. We are not prepared to say that we could affirm on the evidence in the record. The loan of money a number of years, or even a shorter period, before the time accused took the oath,

is too loose and indefinite upon which to base a conviction. The witnesses testified that they had paid the money which they borrowed of him, to one Lane, in Morrison, or that he had sued them in the name of Van Shirley. Lane testified, that the notes were delivered to him by Van Shirley for collection, and Van Shirley swears the notes were absolutely his before the 1st of May, 1873. Lane testified, that he barely knew accused by sight, and had never spoken to him before he received the notes ; that, as he made collections, he paid the money in person to Van Shirley, or had sent it to him in Iowa by draft. Van Shirley testified that accused had no interest in the notes, nor was he to pay him any thing. Nor is this evidence contradicted by any witness. The evidence of Van Shirley may show a transaction out of the usual course of business, by plaintiff in error borrowing money from him and loaning it to others, but we are unwilling to say it was so improbable as to destroy the credibility of his testimony.

All the evidence considered, we think it fails to sustain the finding, and the judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*