HENRIETTA LANG

*v.*

WILLIAM W. CLEMENS:

*Filed at Mt. Vernon June 16, 1883.*

DECREE—*not void for error.*   A husband and wife brought a suit for the assignment of dower and partition of land in which the wife was interested as an heir, making the other heirs parties.   A partition was made, reported and confirmed, but the wife's name was wholly omitted in the decree and subsequent proceedings, and her portion was set off and assigned to the husband. This decree was never reversed or set aside, and subsequently the land was sold on execution against the husband, and on bill filed by the wife's only heir to set aside the sale as a cloud on her title, it was *held*, that the decree of partition, although erroneous, was not void, and passed the title to the husband, and that the land was subject to sale on the execution.

APPEAL from the Circuit Court of Williamson county; the Hon. DANIEL M. BROWNING, Judge, presiding.

Mr. GEORGE W. YOUNG, for the appellant.

Mr. A. D. DUFF, and Mr. J. W. BURTON, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a bill to remove a cloud from a title. Appellee claims under a judgment and execution against Patrick Lang, and a sale thereunder, and there is no question of the sufficiency of his title, if there was a title in Lang which might have been sold for the payment of his debts. Appellant is the only daughter and heir at law of Patrick Lang, and his wife, Sarah Lang, and she claims as heir at law of her mother, said Sarah, who is now deceased.

In April, 1852, Patrick and Sarah Lang commenced a suit for assignment of dower and for partition, against the widow and heirs at law of one Aikman, theretofore deceased, by filing their joint petition therefor in the circuit court of Williamson county, alleging therein that Sarah Lang was a daughter of said Aikman. Such proceedings were thereupon then had that the court decreed that dower be assigned out of, and partition be made of, the lands whereof said Aikman died seized; but the name of said Sarah is wholly omitted in this decree, and, instead thereof, an interest is directed to be assigned and set apart to her said husband, Patrick Lang, as one of the heirs at law of said Aikman. This was followed by a report of commissioners, approved by the Williamson county circuit court at its August term, 1852, setting apart certain lands, including that here in controversy, to said Patrick Lang. No appeal was ever taken from those orders or decrees, nor was any writ of error ever prosecuted thereon.

The court having jurisdiction over the persons of the parties and of the subject matter, these orders or decrees,

although erroneous, were not void. They were binding until reversed. That an order or decree in partition is as binding as any other judgment or decree, follows, from necessity, from the fact that they have the force and effect of judgments and decrees, and no authority can be necessary to establish so obvious and familiar a proposition. Whether Sarah Lang would have been barred by limitation against suing out a writ of error before 1861, is unnecessary to inquire. From that time forth, on the authority of previous decisions of this court, the statute would clearly have run against her. But this, even, is scarcely a pertinent question, for no writ of error has ever been sued out, or is proposed to be sued out, to review the partition proceedings.

The claim that there was fraud is not sustained, either by allegations or proofs. Every one is charged with knowing all the steps taken in a case or proceeding which he or she, either singly, or jointly with others, commences. Undoubtedly it might be shown a party's name was used without his or her knowledge or authority; but that is not charged here, nor are any specific fraudulent acts charged whereby the said Sarah was authorized to use less than ordinary caution for the protection of her rights.

It may be, in some respects, the case is a hard one upon the rights of appellant; but it must also be borne in mind other rights, besides hers, are involved. For thirty years Patrick Lang was suffered to be held out to the world, by the decree of a court of competent jurisdiction, as the owner of this property, and upon the faith of that, it is but reasonable to presume, he obtained a credit which he would not otherwise have had. There was a remedy for appellant, but it was never sought, and the time to resort to it has long since passed by.

The decree is affirmed.

*Decree affirmed.*