George Hutchinson v. James A. Hutchinson, John R. Walsh, Executor of the Last Will and Testament of Thomas Hutchinson, Deceased, et al.

1. WILLS—*Expert Testimony, etc.*—*Mental Capacity.*—Persons who are not experts, but who have had opportunities to observe a person, may give their opinion of his mental capacity, stating at the same time,

their reasons and the facts observed on which they base their opinions, including conversations with the person, but not conversations with others.

2. COSTS IN EQUITY—*Guardian ad Litem Fees.*—In a contest of a will in chancery, a guardian *ad litem* was appointed for an infant defendant at the instance of the complainant, and the court directed him to make a proper defense, and to employ solicitors, and having done so, the court ordered the executor of the will to pay his solicitors $2,770.71, for their services and disbursements, to experts engaged by him the sum of $450, and to the guardian the sum of $25, and that all of such amounts be taxed against the complainant as a part of the costs of suit. This, it is claimed, was in pursuance of Sec. 6, Ch. 22, R. S. *It was held,* that the statute contemplates the taxation only, of the guardian's charges, as costs against the complainant. That the order allowing the guardian *ad litem* his charges of $25, was proper, but the order directing the taxation of the other sums as costs against complainant to be paid by the executor was not.

**Memorandum.**—Bill in chancery to contest a will. Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the October term, 1892. Opinion filed March 18, 1893.

The statement of the facts is contained in the opinion of the court.

APPELLANT'S BRIEF, MASON BROTHERS, ATTORNEYS.

Appellant contended that a medical expert may examine a patient, and from such examination, give his opinion to the jury. If the medical expert has not made a personal examination of the patient, then the proper practice is to put a question to the witness reciting the supposed facts hypothetically, upon which the opinion of the expert is wanted. L., N. A. & C. Ry. Co. v. Shires, 108 Ill. 617.

Solicitors' fees and disbursements and experts' fees improperly taxed as costs. Constant v. Matteson, 22 Ill. 560; Eimer v. Eimer, 47 Ill. 373; Wilhite v. Pearce, 47 Ill. 416; Conwell v. McCowan, 53 Ill. 364; Cooper v. McNeil, 9 Brad. 99.

A. W. GREEN, attorney for John R. Walsh, executor, etc., appellee.

Brief of Isham, Lincoln & Beale, Attorneys for the Trustee and Guardian ad Litem, Appellees.

The charges, costs and expenses of the guardian *ad litem* were properly taxed as costs against the contestant. Revised Statutes, Chap. 22, Sec. 6; Smith v. Smith, 69 Ill. 308; Stunz et al. v. Stunz, 131 Ill. 210; Wilbur v. Wilbur, 27 N. E. Rep. 701.

Opinion of the Court, Waterman, J.

This case is a contest over the will of one Thomas Hutchinson, deceased, it being insisted by appellant that the testator was not of sound and disposing mind and memory at the times when he executed the instruments purporting to be his last will and testament and a codicil thereto.

We quite agree with counsel that persons who are not experts, but who have had opportunities to observe a person, may give their opinion of his mental capacity, stating, at the same time, their reasons and the facts observed on which they base their opinions, including conversations with the persons, but not conversations with others. Roe v. Taylor, 45 Ill. 485; American Bible Society v. Brice, 15 Ill. 629; Keithley v. Stafford, 126 Ill. 507; Chickering v. Brooks, 61 Vt. 554; Hardy v. Merrill, 56 N. H. 227.

We do not find that this rule was violated in the exclusion of such testimony when offered by appellant.

It is objected that one of the experts called by appellees, having heard all the evidence as to the habits, conduct, etc., of the testator, testified that from a consideration of all the evidence in the case, his opinion was that the testator was of sound mind. This, it is urged, was an assumption of the province of the jury; that the witness should have only testified hypothetically.

There is not entire agreement among the authorities as to whether an expert may thus testify.

In Schneider et al. v. Manning et al., 121 Ill. 376–387, such testimony was held to be admissible, the court saying, that the opinions of medical men are constantly admitted as to the cause of disease or death, and as to the sane or in-

sane state of a person's mind, though the witness founds such opinion, not on his own personal observation, but on the case itself, as proved by other witnesses on the trial. C. R. I. & P. Ry. Co. v. Moffitt, 75 Ill. 524–529, L. N. A. & C. Ry. v. Shires, 108 Ill. 617–630, Dickenson v. Fitchburg, 13 Gray 546–556, and Henry v. Hall, 13 Brad. 443, indicate that the proper practice is to ask the expert to answer hypothetically.

Taylor, in his work on Evidence, Sec. 142, says that the expert can not, in strictness, be asked his opinion respecting the very point which the jury are to determine, but that the examining counsel can always attain his object by putting the question hypothetically.

In Wharton on Evidence, Sec. 452, the better opinion is said to be that the expert can not be asked his opinion as to the evidence in the case as rendered.

In Greenleaf on Evidence, Sec. 440, it is said that expert opinions as to the sane or insane state of a person's mind, etc., are admissible in evidence, though the witness found them not on his personal observation, but on the case itself as proved by other witnesses on the trial.

In McNaughten's Case, 10 Cl. & F. 200, 211, 212, Lord Chief Justice Tindal, answering for the judges, said that where the medical man had never seen the prisoner previous to the time, but was present during the whole trial and the examination of all the witnesses, he could not, in strictness, be asked his opinion as to the state of the prisoner's mind at the commission of the alleged crime. Where, however, the facts were not disputed and the question became one of science only, it might be convenient to allow the question to be put in that general form, though the same could not be insisted upon as a matter of right.

Such would seem to be the better opinion. In the present case, there not only does not appear to have been any substantial dispute as to the facts upon which Doctor Lyman predicated his testimony, but the question put to him not having been objected to, it was proper that he should answer it.

Undoubtedly, the testimony of Dr. Brower contained statements that were not admissible as evidence; but they came in as a part of a long answer, and counsel should, in their motion to exclude, have designated the portions of the answer which they desired to have stricken out.

While the court might, in its discretion, upon their motion, have excluded the entire answer, we do not think that it was bound to do so.

The jury was fully warranted by the evidence in giving the verdict it did, and if the expert testimony of Doctors Lyman and Brown be excluded from consideration, we think that the decided preponderance of the evidence is in favor of the proponents of the will, and that another trial could only result as did this.

The instructions given fairly presented the law of the case, and we do not find that appellant asked for instructions which under the circumstances the court improperly refused to give.

It would be useless for us to here express our general opinion as to expert testimony; each side introduced the opinion of medical experts, and they did not agree; it would have been extraordinary if they had.

In this case a guardian *ad litem* for an infant defendant having been appointed at the instance of the complainants, and the court having directed the guardian to make proper defense, and to employ the firm of Isham, Lincoln & Beale, solicitors, the court, upon a petition filed by the guardian, ordered that the executor of the will pay to such solicitors the sum of $2,770.71 for their services and disbursements, and to the experts engaged by the guardian, the sum of $450, and to the guardian $25, and that each and all of said amounts be taxed against the complainant as a part of the costs of the suit; and that execution for all said costs issue against the complainant, and that said costs, when collected, be received by said executor, and held and disposed of by him under the direction of the Probate Court of Cook County.

This, it is claimed, was in pursuance of authority granted by the following provision of Sec. 6, Chap. 22, of the Revised

Statutes : "In any cause, in equity, it shall be lawful for the court in which the cause is pending to appoint a guardian *ad litem*, to any infant or insane defendant in such cause, and to compel the person, so appointed, to act. By such appointment such person shall not be rendered liable to pay costs of suit; and he shall, moreover, be allowed a reasonable sum for his charges as such guardian, to be fixed by the court, and taxed in the bill of costs."

We do not think that the statute contemplates the taxation as costs, not only of the guardian's charges, but also of his expenses. Taking the statute literally and the construction that charges include expenses, and the complainant would have to pay the solicitor's fees, expenses and wages of the experts, although he, complainant, might have succeeded in the litigation. Counsel for appellees say that this is what they insist.

If, in all equity cases in which a guardian *ad litem* is appointed for an infant or insane person, the expenses the guardian reasonably may go to in employing solicitors, hiring experts, etc., must be paid by the party who necessarily procures the appointment of such guardian, although he may be successful in his suit, it is manifest that in a large majority of cases, parties having a meritorious case could not thus afford to undertake to pay the expense of not merely vigorously prosecuting, but of so defending.

Whatever view may be taken of the statute, the case under consideration was not one which called for the incurring of any such expense by the guardian *ad litem*.

The executor under the will in question, was a party defendant, and he made a vigorous defense.

The allowance of $25 for the charges of the guardian was proper.

The decree of the court below is affirmed in all respects save as to the order directing the taxation of costs against appellant of the sums directed to be paid by the executor, John R. Walsh, to Isham, Lincoln & Beale, and to Doctor S. R. Brower and to Doctor H. M. Lyman, and the cause is remanded to the Circuit Court, with directions to set aside

the order taxing against appellant as costs of suit such sums.

The order allowing $25 to the guardian *ad litem*, and taxing the same against the complainants as costs, is affirmed. Reversed and remanded with directions.