JOHN B. TREVOR, Jr., *et al. v.* JAMES B. COLGATE *et al.*
and
EMILY N. TREVOR *et al. v.* SAME.

*Opinion filed October 13, 1899.*

1. NOTARIES PUBLIC—*power of notary to administer oaths is statutory.* The power to administer oaths is not incidental to the office of notary public, but depends upon statutory enactment.

2. SAME—*when certificate of foreign notary is not prima facie evidence of his authority.* A certificate under seal by a foreign notary public is not made *prima facie* evidence of his authority to administer oaths by section 6 of the act on oaths and affirmations, (Rev. Stat. 1874, p. 726,) unless it contains a recital of the fact of his authority.

3. JURISDICTION—*when affidavit of service does not confer jurisdiction.* An affidavit of the service of process upon defendants in another State, made before a notary public of such State, is not competent evidence of the fact in the absence of proof as to the authority of the officer to administer oaths, and does not confer jurisdiction.

4. SAME—*when recital in decree of partition does not establish jurisdiction of minor defendants.* A recital in the decree rendered in a partition suit against non-resident minors, that notice of the pendency of the cause has been published for at least thirty days, does not establish jurisdiction under sections 12 and 13 of the Chancery act, (Rev. Stat. 1874, p. 199,) authorizing service by publication in a newspaper at least once in each week for four successive weeks.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

JOHN J. HERRICK, guardian *ad litem* for appellants John B. Trevor, Jr., and Emily L. Winthrop.

181—9

Herrick, Allen, Boyeson & Martin, for appellants Emily N. Trevor, Mary T. Winthrop and Emily H. Trevor.

Pence, Carpenter & High, for appellees.

Mr. Justice Boggs delivered the opinion of the court:

These are separate appeals from the same decree. The proceeding was a bill in chancery for partition. Certain of the appellants, who were necessary defendants to the bill and against whom the decree passed, are minors and residents of the State of New York. The decree must be reversed for the reason the court did not obtain jurisdiction of the persons of these defendants.

The decree recites: "Due proof of publication notice of the pendency of this cause has been had on the said infant defendants for at least thirty days before the first day of the term." This recital is insufficient to establish jurisdiction for many reasons, only one of which need be referred to. Sections 12 and 13 of chapter 22 of the Revised Statutes, authorizing this mode of service, require, among other things, the notice shall be published in a newspaper at least once in each week for four successive weeks, as to which the recital is entirely silent. This record does not contain the affidavit required by section 12 of the said chapter, nor proof of any character of publication of the notice in a newspaper.

Appellees rely upon service by a copy of the bill under the provisions of section 14 of the said chapter. The affidavit of one Caleb A. Burbank, purporting to have been sworn to before Harriet L. Mason, as notary public of Kings county, State of New York, is relied upon to establish the delivery of a copy of the bill to said minor non-resident appellants. The *jurat* to the affidavit is as follows:

"Sworn to before me this 30th day of March, 1898.

[Seal.]                                    Harriet L. Mason,
Cert. filed in New York Co."        *Notary Public, Kings County.*

No proof was produced as to the authority possessed by notaries public in the State of New York to administer oaths. The power to do so is not incidental to that office. If possessed it is by the force of an express enactment. *Keefer* v. *Mason*, 36 Ill. 406.

It is urged the *jurat* and official seal of the notary public establish, *prima facie*, the requisite authority, under the provisions of section 6 of chapter 101 of the Revised Statutes, entitled "Oaths and Affirmations," which is as follows: "When any oath authorized or required by law to be made is made out of the State, it may be administered by any officer authorized by the laws of the State in which it is so administered, and if such officer have a seal, his certificate under his official seal shall be received as *prima facie* evidence, without further proof of his authority to administer oaths." The position of counsel for appellees is, the certificate of the notary, under his official seal, that he has administered the oath, is made by said section 6 *prima facie* proof that the notary had authority to administer oaths. That construction cannot be accepted. The meaning of the section is, if the notary shall certify, under his official seal, that he has authority to administer oaths under the statute of the State under which he holds his commission, such certificate shall be *prima facie* evidence that he has such statutory authority. *Smith* v. *Lyons*, 80 Ill. 600; *Ferris* v. *Commercial Nat. Bank*, 158 id. 237.

The court erred in accepting the affidavit as competent evidence that a copy of the bill had been served on these appellants. It was error to appoint a guardian *ad litem* to appear and defend for them, or to render any decree purporting to affect their interest in the real estate sought to be partitioned. *Hickenbotham* v. *Blackledge*, 54 Ill. 316; *Campbell* v. *Campbell*, 63 id. 462; *Bonnell* v. *Holt*, 89 id. 71.

The decree will be reversed and the cause remanded.

*Reversed and remanded.*