Clayburgh v. Wilson.

---

## Alice Wilson Clayburgh v. Harriet A. Wilson, et al.

### Gen. No. 11,496.

1. SOLICITOR'S FEE—*when not taxable as costs in proceeding to appoint new trustee under will.* In such a case where neither the statute nor the will provides for the allowance of any solicitor's fees, a court of chancery in the exercise of its equitable jurisdiction cannot tax as part of the costs in the case the allowance of a reasonable solicitor's fee to the complainant's solicitor who brought and prosecuted the suit, where it also appears that the complainant was not a trustee but simply a beneficiary under the will in question.

Bill to appoint new trustee under will. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Reversed and remanded. Opinion filed February 10, 1905. Rehearing denied March 6, 1905.

JULIUS & LESSING ROSENTHAL, for appellant.

KREMER & GREENFIELD, for appellees.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

This is an appeal, perfected conformably to the provis-

ions of section 75 of the Practice Act (3 Starr & Curtis, 3105), authorizing a judge, with the assent thereto of the parties litigant, to certify any question or questions of law arising in any case, to this court, from a final decretal order of the Circuit Court of Cook County, entered in a chancery proceeding brought for the appointment of a new trustee under the will of William G. Wilson, deceased, directing that the new trustee, so appointed by the court, pay to the complainant's solicitor the sum of $300 for his solicitor's fee, for the services rendered by him in the cause, and directing the same to be paid out of the general funds of the estate. The will of William G. Wilson bequeathed the principal part of his estate to a trustee upon certain trusts and provided that a successor to the trustee named in the will should be appointed by a court of chancery. Upon the resignation of the trustee named in the will, Harriet A. Wilson, the widow of the testator, to whom the trustee was by the will directed to pay a certain annuity, filed in the Circuit Court a bill for the appointment of a new trustee. The principal beneficiaries under the trusts created by the will were the daughters of the testator, the appellant, Alice Wilson Clayburgh, and Marguerite Wilson, a minor, who were made defendants to the bill. Appellant was represented in the cause by counsel and Marguerite Wilson by a guardian *ad litem* only. The decree ordered that the new trustee pay to the complainant's solicitor $300 for his services in the cause, to the guardian *ad litem* his fee as therein fixed, to the master his costs as therein taxed and to the complainant and defendants the clerk's and sheriff's fees paid by each, and that all of said payments be made out of the general funds of the estate.

From that part of the decree which ordered the payment of $300 to the solicitors of complainant, Alice Wilson Clayburgh prosecutes this appeal.

The question of law and the decision thereon certified to this court by the judge of the Circuit Court are stated in his certificate as follows :

"In a case of this nature, where neither the statute nor

Clayburgh v. Wilson.

the will provides for the allowance of any solicitor's fees, can a court of chancery, in the exercise of its equitable jurisdiction, tax as part of the costs in the case, the allowance of a reasonable solicitor's fee to the complainant's solicitor who brought and prosecuted the suit, where it also appears that the complainant is not the trustee, but simply a beneficiary (as hereinbefore stated) under the will of the testator? The complainant contended that such a solicitor's fee might and should be taxed; the defendant, Alice Wilson Clayburgh, contended that such a solicitor's fee could not and should not be taxed.

My decision on said question of law was that a court of chancery in this state has inherent power to allow a solicitor's fee to the complainant's solicitor in such case, even though the complainant was not the trustee in the case, and to order such solicitor's fee to be paid by the trustee out of the trust fund; and I accordingly by said decretal order entered as aforesaid, directed the payment to said complainant's solicitor of said fee of three hundred dollars, out of the trust estate."

The order appealed from does not in terms direct that the fee allowed to the complainant's solicitor, be taxed as a part of the costs in the case, but it orders that such fee, together with the costs which were so taxed, be paid by the trustee out of the general funds of the estate. Looking to the substance and effect of the order, rather than to its form, it must be held an order that such fee be taxed as a part of the costs in the case. That it was so regarded by the judge of the Circuit Court appears from his certificate which states that the question is whether a court of chancery " can tax as part of the costs in the case a fee to complainant's solicitor."

Where there is sufficient ambiguity in the language of a will to justify the filing of a bill for its construction, the fees of the solicitors of the defendants, as well as of the complainant, may be taxed as a part of the costs in the case. Arnold v. Alden, 173 Ill. 229; Ingraham v. Ingraham, 169 Ill. 432; Missionary Society v. Mead, 131 Ill. 338; Smith v. Smith, 4 Paige, Ch. 271. Such fees may not, in the absence of a statute, be taxed as part of the costs or ordered to be paid out of the fund in proceedings for partition. Strawn

v. Strawn, 46 Ill. 412; Eimer v. Eimer, 47 Ill. 373; Campbell v. Campbell, 63 Ill. 502; nor in bills to foreclose, unless the mortgage contains a provision that such fee shall be so allowed. Conwell v. McCowan, 53 Ill. 363; Roby v. Chicago Title & Trust Co., 194 Ill. 228.

The statute, sec. 6, chap. 22, provides that in causes in equity a guardian *ad litem* " shall be allowed a reasonable sum for his charges as such guardian, to be fixed by the court, and taxed in the bill of costs." It was under this statute that the allowances of a fee to a guardian *ad litem* and orders that the same be taxed as a part of the costs in the case, were affirmed in Wilbur v. Wilbur, 138 Ill. 446, and Hutchinson v. Hutchinson, 50 Ill. App. 87, and 152 Ill. 347, which were both suits to contest a will. In the latter case the will was sustained and the Circuit Court ordered that the executor pay out of the funds of the estate $2,770.71 to the solicitors of the guardian *ad litem* for their services and $450 to the medical expert engaged by the guardian *ad litem* and that said sum and $25 allowed the guardian *ad litem* for his services be taxed against the complainant as part of the costs in the case.

It is insisted that because only so much of the foregoing order as directed that the several items above mentioned be taxed as costs against the complainant was reversed, and that that part of the order which directed that the same be paid, in the first instance by the executor out of the funds of the estate was left in full force, the case is an authority in favor of the rule that a court of equity has in the case of a suit to contest a will, power to order that the fees of the solicitor of a party be paid out of the general estate of the testator. The report of that case in the Supreme Court shows that the estate amounted to over $58,000; that the specific legacies amounted to $15,000, and that the remainder of the estate was bequeathed to a trustee for the benefit of the infant defendant for whom the guardian *ad litem* was appointed. The question in that case was not as to the power of a court of chancery to order that the fees and disbursements of the solicitor of the guardian *ad litem* be paid out of the general funds of the estate, but as to the power

## ERRATA.

Page 197, tenth line, should read :

the beneficiary.   In Constant v. Matteson et al., 22 Ill. 546.

to order that such fees and disbursements be taxed as costs against the complainant. The trustee of the infant defendant was the residuary legatee under the will which was contested. A large fund remained after the payment of the specific legacies, of which the infant defendant was the sole beneficiary. A payment by the executor out of the funds of the estate reduced by so much the fund going to the trustee for the benefit of the infant and was necessarily, in effect, a payment out of the fund of which the infant was the beneficiary. In Constant v. Matteson et al., 1 Gil. 546, Matteson took possession of mortgaged personal property and sold the same under such circumstances as made him a trustee of the fund realized from the sale. The Circuit Court by its decree marshalled the liens and claims upon the fund and allowed Matteson a solicitor's fee, to be paid out of the fund and taxed as costs in the case and it was held error. In the opinion it was said (p. 560): "The statute regulating fees of officers provides for no such fee as that of an attorney or solicitor; and the court must in taxing and allowing costs, look to the statute as its warrant of authority. While a court of equity has a discretion in awarding costs in chancery causes, it must confine that discretion to the fees allowed by the statute." The only exception to the foregoing rule found in the decisions of this state is bills brought for the construction of wills. In *in re* Holden, 126 N. Y., 589, it was held that a court of equity has no power to make an allowance to the solicitors of the beneficiaries in such a case as this.

The complainant here was a beneficiary, not a trustee. She acted in a personal, not in a representative capacity, and in our opinion the Circuit Court had no power to order that a fee for the services of her solicitor should be taxed as a part of the costs in the case or paid out of the general funds of the estate.

The order of the Circuit Court directing Frederic A. Menge, trustee, to pay to complainant's solicitor $300 for his services in the case will be reversed and the cause remanded for further proceedings in accordance with the views here stated.          *Reversed and remanded.*