The People of the State of Illinois, Defendant in Error, v. Theodore Nelson, Plaintiff in Error.

The People of the State of Illinois, Defendant in Error, v. Charles W. Browne, Plaintiff in Error.

Gen. Nos. 14,824 and 14,825.

Consolidated for Hearing.

1. MUNICIPAL COURT—*effect of filing amended information.* By the filing of an amended information the original information is superseded and abandoned.

2. MUNICIPAL COURT—*when information must be verified.* An information which contains no reference to the attorney-general or to the state's attorney is the information of an individual, which by statute, must be verified.

3. NOTARIES PUBLIC—*what does not establish authority to administer oaths.* A notary's jurat and seal do not establish his authority to administer oaths.

4. NOTARIES PUBLIC—*when verification void.* If the caption of an affidavit is in Illinois and a notary of another state appears to have administered the oath, such affidavit is void.

Prosecution for criminal libel. Error to the Municipal Court of Chicago; the Hon. FRANK P. SADLER, Judge, presiding. Heard in this court at the October term, 1908. Reversed. Opinion filed October 25, 1909.

DARROW, MASTERS & WILSON, for plaintiffs in error.

JOHN E. W. WAYMAN and F. L. BARRETT, for defendant in error; DAVID K. COCHRANE, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

Plaintiffs in error and another were jointly charged with criminal libel by an amended information filed in the Municipal Court. Plaintiffs in error pleaded not guilty, but on the trial both were found guilty by the jury. The court overruled their motion for a new trial, and in arrest of judgment, and sentenced each

to pay a certain fine and costs of suit. To reverse said judgments plaintiffs in error sued out separate writs of error, which have been consolidated for hearing on the record filed in No. 14,824. The transcript contains no bill of exceptions and the only assignment of error argued is, that the court erred in denying the motions of the plaintiffs in error in arrest of judgment.

March 8, 1908, on motion of the state's attorney, it was ordered that leave be granted to the state's attorney to file an amended information in said cause. The same day an information was filed, which begins as follows:

"State of Illinois, "County of Cook, "City of Chicago. } ss. In the Municipal Court of Chicago.

AMENDED INFORMATION.

"James A. Everitt, in his own proper person, comes here into court in the name and by the authority of the People of the State of Illinois, and gives the court to be informed and understand," etc.

It is signed "James A. Everitt." It contains no reference to the original information nor any reference either to the attorney-general or the state's attorney.

By the filing of the amended information the original information was superseded and abandoned. Swift Co. v. Gaylord, 126 Ill. App. 281-6.

The contention of the defendant in error that the amended information is an information of the state's attorney cannot be sustained. It is clearly an information "presented by a person other than the attorney-general or the state's attorney," and therefore it was, under section 27 of the Municipal Court Act, required to be verified by the affidavit of the person who presented it.

Attached to the amended information is the following instrument:

"State of Illinois, ⎫
"County of Cook, ⎬ ss.
"City of Chicago. ⎭

"James A. Everitt, being first duly sworn, on his oath, deposes and says that he is a resident of the City of Indianapolis and State of Indiana; that he has read the foregoing amended information by him subscribed, and that the same is true.

(Signed)     JAMES A. EVERITT.

"Subscribed and sworn to before me this 10th day of March, A. D. 1908.

(Signed)     JOSHUA E. FLOREA,

"Notary Public in and for the County of Marion in the State of Indiana.

(SEAL)

"My commission expires March 16, 1911."

Attached thereto is the certificate of the clerk of Marion county, Indiana, under the seal of his office, that Joshua E. Florea was on March 10, 1908, a notary public in and for said county, and authorized by the laws of the State of Indiana to take and certify affidavits.

It is insisted by defendant in error that said instruments sufficiently show that said amended information was verified by the affidavit of James A. Everitt. Passing for the present the question of the effect of the venue stated in the caption of the purported affidavit, and assuming that the oath was administered in Marion county, Indiana, there is nothing in the record to show that a notary public was authorized by law to administer oaths in the State of Indiana. That the notary's jurat and seal do not establish such authority, under section 6, chapter 101, R. S., is well settled. Trevor v. Colgate, 181 Ill. 129; Ferris v. Bank, 158 *id.* 237; Smith v. Lyons, 80 *id.* 600.

In this case the notary did not certify that he had authority to administer oaths under the laws of Indiana. As to the certificates of the clerk that the notary had such authority, it is sufficient to say that the statute does not make such certificate of the clerk evi-

dence of the authority of the notary to administer oaths.

But there is another and fatal objection to the validity of the purported affidavit of Everitt to the amended information.    The venue in the caption is:

"State of Illinois,

  "Cook County        ⎱ ss.

"City of Chicago."

The venue stated in the affidavit clearly manifests that what is called an oath was administered in Cook county, Illinois. "In all affidavits and other papers requiring such a venue, it is for the very purpose of indicating where the act was done." Van Dusen v. The People, 78 Ill. 645-6.

A notary public of Marion county, Indiana, had no authority to administer an oath in Cook county, Illinois. What it designated as an affidavit is therefore a nullity, first, because it does not appear that it was sworn to before an officer having authority to administer oaths, and, second, because if it be conceded that the notary had authority to administer oaths under the laws of Indiana, the venue stated in the caption of the instrument shows that what is called an oath was administered beyond the limits of the State of Indiana, and was therefore void. Van Dusen v. The People, *supra,* 647.

We think the court erred in denying the motion of plaintiffs in error in arrest of judgment, and the judgment will therefore be reversed and plaintiffs in error discharged.

*Judgment reversed in each case and plaintiff in error discharged.*