JAMES W. CHAPMAN, Appellant, vs. CHARLES W. CHAP-
MAN, Appellee.

*Opinion filed December 17, 1912.*

1. RES JUDICATA—*parties to a partition decree cannot attack it
collaterally.* A partition suit in this State is an adversary proceed-
ing, not only as between the complainants and defendants but as
between all parties to the record of whom the court acquires ju-
risdiction, and every such party is bound to make known to the
court his rights in the premises and have his interests protected
by the decree, as he cannot, after the decree has been rendered,
impeach it or set it aside in a collateral proceeding.

2. SAME—*when partition decree is res judicata of question of
trust.* Where brothers are co-defendants to a partition suit and
are served with process and defaulted, a provision of the decree
finding that one brother is the owner in fee of the interest of the
other, which he had acquired many years before by purchase from
a grantee of such other, is conclusive upon the latter, and he can
not in a subsequent proceeding seek to have a trust established in
his favor in the interest so purchased.

APPEAL from the Circuit Court of Crawford county;
the Hon. E. E. NEWLIN, Judge, presiding.

MAXWELL & MAXWELL, for appellant.

ROBERT B. WITCHER, and CALLAHAN, JONES & LOWE,
for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed in the circuit court of
Crawford county by James W. Chapman against Charles
W. Chapman for an accounting, and to require the de-
fendant to convey to the complainant seventeen acres of
land situated in Crawford county which it is alleged the
defendant held in trust for the benefit of complainant. An
answer and replication were filed and a trial was had be-
fore the court, which resulted in a decree adjudging the

256 – 38

defendant was the owner in fee of the seventeen acres in controversy and the defendant was indebted to the complainant in the sum of $124.75, and execution was awarded for that amount. From that decree the complainant has prosecuted this appeal.

It appears from the evidence that in the year 1872 Thomas Chapman, the father of the parties to this suit, departed this life intestate in Richland county, leaving him surviving his widow and nine children, and seized of 205 acres of land situated in Crawford county and 200 acres in Richland county; that about the year 1880 James W. Chapman conveyed his interest in the Crawford county land to J. H. Packard; that in 1886 Packard conveyed the interest in the Crawford county land which had been conveyed to him by James W. Chapman to Charles W. Chapman; that in the year 1896 a bill for partition was filed by Minnie Turner, one of the heirs of Thomas Chapman, deceased, in the circuit court of Richland county, against her mother and brothers and sisters for a partition and division of the lands of which her father died seized in Crawford and Richland counties and for the assignment of her mother's dower and homestead in the said lands; that the complainant and the defendant were made parties defendant to the said bill and were duly served with process, and that a decree was entered in the said cause, by default, against the complainant and defendant, by which decree the interests of the widow and the heirs of Thomas Chapman, deceased, were fixed and determined in said lands, and in which decree it was adjudged that the interest in said Crawford county lands which James W. Chapman had inherited from his father, Thomas Chapman, had been conveyed by him to J. H. Packard, and that Packard had conveyed said interest to Charles W. Chapman, and that Charles W. Chapman was the owner of such interest in fee. Thereupon commissioners were appointed, who made division and partition of said lands

and assigned to Charles W. Chapman out of the Crawford county lands the interest which he had inherited from his father and the interest of James W. Chapman which he had acquired by purchase from Packard, and also an interest which he had inherited from a deceased sister, who had died subsequent to his father's death, and assigned to James W. Chapman the interest which he had inherited from his deceased sister, which assignments and divisions were reported to the court and confirmed.

It is averred in the present bill that at the time James W. Chapman conveyed his interest in the Crawford county lands to J. H. Packard he conveyed the same to him to secure a debt which he then owed Packard, and that Charles W. Chapman knew that Packard held the title to said land to secure the payment of a debt of James W. Chapman at the time he received the title from Packard; that at the time of the transfer of the title to Charles W. Chapman by Packard he agreed to hold the title in trust for the benefit of James W. Chapman and to re-convey the same to James W. Chapman on the payment of said debt; that prior to 1896 (the date of said partition suit) he had paid said debt to Charles W. Chapman, who was then the holder thereof, and that while Charles W. Chapman held the legal title to said seventeen acres he recognized that James W. Chapman was the owner of the equitable title to said seventeen acres and was entitled to have conveyed to him the legal title. Charles W. Chapman denied that he had any knowledge that the interest of James W. Chapman in the Crawford county land had been conveyed to Packard to secure a debt, and averred that he purchased of Packard the interest in the Crawford county lands which James W. Chapman had conveyed to Packard, in good faith and for their full value, and that he was the absolute owner of said seventeen acres. He pleaded the decree entered in the partition suit, wherein it was adjudged he was the owner in fee of said seventeen acres,

in bar of the present suit, as a former adjudication of the question between James W. Chapman and himself as to who was the owner of said seventeen acres involved in this litigation.

Other matters are averred in the bill, but we deem the decree entered in the partition suit as *res judicata* of the title to said seventeen acres in this suit as between the complainant and defendant, and that is the only question which we will discuss in this opinion.

The statute in force in this State governing the partition of real estate requires every person interested in the real estate sought to be partitioned, whether in possession or otherwise, to be made a party defendant who is not a petitioner or complainant, and the court is required to ascertain and determine the rights, titles and interests of all the parties to the proceeding in and to the real estate sought to be partitioned. (*Hickenbotham* v. *Blackledge*, 54 Ill. 316; *Knapp* v. *Gass*, 63 id. 492.) It is therefore apparent that a partition suit in this State is an adversary proceeding, (*Swift* v. *Busse*, 7 Mass. 503; *Winthrop* v. *Minot*, 9 Cush. 405; *Conwell* v. *Thompson*, 50 Ill. 329; *Gouwens* v. *Gouwens*, 222 id. 223; *Dempster* v. *Lansingh*, 244 id. 402;) not only as between the complainants and defendants, but as between all parties to the record, be they petitioners or complainants or defendants, and that every party to the record is bound to make known to the court his rights in the premises sought to be partitioned and to have his interests therein protected by the decree of the court, and after a decree is rendered therein he is bound by the decree, and he cannot impeach it or set it aside in a collateral proceeding.

In *Loomis* v. *Riley*, 24 Ill. 307, it was held that a party to the record in a partition suit should make known his rights and have his interests protected, and having the opportunity to do so, he is bound by the decree of the court and cannot collaterally attack it.

In *Wright* v. *Dunning,* 46 Ill. 271, in a proceeding for partition by heirs, the widow was made a party. The bill alleged she was entitled to dower and the court adjudged it to her. Commissioners were appointed to assign dower. They reported it could not be done, and the court thereafter decreed her a yearly allowance in lieu of dower and made it a lien upon the lands. The lands were sold under the partition proceedings, subject to the payment of the annuity. The widow made no claim of homestead in that proceeding. It was held in a later proceeding that she could not afterwards set up the homestead right against the purchaser under the partition sale.

In *Lang* v. *Clemens,* 107 Ill. 133, a husband and wife brought a suit for the assignment of dower and partition of land in which the wife was interested as an heir, making the other heirs parties. A partition was made, reported and confirmed, but the wife's name was wholly omitted in the decree and subsequent proceedings and her portion was set off and assigned to the husband. This decree was never reversed or set aside and subsequently the land was sold on execution against the husband, and on bill filed by the wife's only heir to set aside the sale as a cloud on her title, it was held that the decree of partition, although erroneous, was not void and passed the title to the husband, and that the land was subject to sale on the execution.

In *Rogers* v. *Higgins,* 57 Ill. 244, the well known maxim was reiterated that the "principle of *res judicata* embraces not only what actually was determined in the former case, but also extends to any other matter properly involved and which might have been raised and determined."

The question now sought to be litigated by the complainant could have been determined in the partition suit, and as he failed to then raise the question that he, and not Charles W. Chapman, was the owner of the interest in the Crawford county lands which he had theretofore

conveyed to Packard and that Charles W. Chapman held the same in trust for his benefit, but suffered a decree to go against him finding that Charles W. Chapman was the owner in fee of the lands formerly owned by him, he is now barred by that decree, and he cannot now be heard to insist upon any rights in the Crawford· county lands which are not secured to him by that decree. *Doane* v. *Walker,* 101 Ill. 628.

Finding no reversible error in this record the decree of the circuit court will be affirmed. *Decree affirmed.*