**Philip Pollack, Plaintiff-Appellant, v. Jack Kuhn and Beatrice Kuhn, Defendants-Appellees.**

Gen. No. 52,681.

First District, Third Division.

May 23, 1968.

Marvin Patrick Cohen, of Chicago, for appellant.

Alfred M. Rogers, Jr., George V. Bobrinskoy, Jr., and Neil G. Bluhm, of Chicago (Mayer, Friedlich, Spiess, Tierney, Brown & Platt, of counsel), for appellees.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The plaintiff-appellant, Philip Pollack, seeks to recover the rental value of a home occupied by the defendants, Jack Kuhn and his wife, Beatrice. The trial court held that the action was barred by a decree entered in a prior partition proceeding.

The house, located in Skokie, Illinois, was owned in joint tenancy by the Kuhns. In March 1965 Pollack bought the undivided one-half interest of Jack Kuhn, less his estate of homestead. The purchase was made from the trustee in Jack Kuhn's bankruptcy proceeding and the purchase price was $1,000. In the same month, Mrs. Kuhn conveyed her undivided one-half interest in the home to her son, Neil Bluhm.

Thereafter, in April 1965, Neil Bluhm and Jack Kuhn brought suit in the Circuit Court of Cook County to partition the property. Pollack was named as a defendant. He was served with process but failed to appear or answer and in August 1965 an order of default was entered against him. In November a decree of partition was entered and the case was referred to a master in chancery. In January 1966 Pollack petitioned the court for leave to file his appearance and his claim for the rental value of the house during the partition proceeding. The petition was referred to the master. Although the master's report had not been filed at this time, the case had been closed and the master recommended that the petition be denied because of Pollack's failure to justify his late appearance. The court denied the petition.

A decree of sale was entered in August 1966 and the house was sold in November at a public sale at which Neil Bluhm prevailed over Philip Pollack for a sum insufficient to cover more than the mortgage loan, the costs of the suit and the expense of preserving the property during the partition suit. In January 1967, by final decree, the court approved the partition sale.

Pollack did not object to or attempt to appeal from the partition decree. Instead, in March 1967, he filed the present action against Jack and Beatrice Kuhn in which he sought to recover rent for their use of the residence between March 1965 and November 1966. The defendants moved to dismiss on the ground that the action was barred by a prior judgment. (Ill Rev Stats 1965, c 110, § 48(1)(d).) The motion was sustained. The order of dismissal is the subject of this appeal.

Pollack contends that the action is not barred because the issue of rent was not decided on the merits in the partition suit. He concedes that if the action is barred against Jack Kuhn it is also barred against Beatrice Kuhn even though the latter was not a party to the prior proceeding.

Section 5 of the Partition Act (Ill Rev Stats 1967, c 106, § 48) provides:

> "The court shall ascertain and declare the rights, titles and interest of all the parties to such suit, the plaintiffs as well as the defendants, and shall give judgment according to the rights of the parties."

■ ■ Under this provision, all parties to a partition action are required to assert their claims with respect to the real estate involved so that their interests may be protected by the decree of the court; after the decree has been rendered, the parties are bound by its terms and cannot impeach it or set it aside in a collateral proceeding. Murch v. Epley, 385 Ill 138, 52 NE2d 125

(1943) ; Chapman v. Chapman, 256 Ill 593, 100 NE 166 (1912).

In the Chapman case, James Chapman, a cotenant, conveyed his interest in some land to a third person, who in turn conveyed the interest to Charles Chapman. In a partition suit brought by another cotenant to which both Chapmans were defendants, a decree was entered naming Charles the owner of the portion formerly owned by James. Thereafter, James brought suit against Charles claiming that Charles held the property in trust for him and demanding an accounting of the profits and conveyance of the land. The court held that the decree in the partition suit was a bar to the subsequent suit since the ownership of the land could have been litigated between James and Charles in the partition proceeding.

In Rhodes v. Rhodes, 78 Ill App 117 (1898) the court held that the whole subject of rents could be adjudicated in an equity suit for partition:

> "A proper division of rents and profits is germane to a bill in partition, and relief on that subject will be granted by the decree in the partition suit."

The court in Graham v. Koop, 213 Ill App 576 (1919) adjudicated mechanics' liens in a partition suit despite the separate statute for the enforcement of such liens. The court said:

> "It is well settled that if a court of equity acquires jurisdiction on any equitable ground, it will retain the cause and afford complete relief, although it becomes necessary to enforce purely legal rights."

The court cited Sherlock v. Village of Winnetka, 59 Ill 389 (1871) wherein it was stated:

> "It is an established rule, that where chancery takes jurisdiction for one purpose, it will retain it for all

purposes necessary to complete justice between all parties interested in the subject matter."

■ Section 5 of the Partition Act and the cases arising under it are determinative of the present action. Pollack was a party to the partition proceeding and was served with process. If he had appeared without undue delay, he could have litigated his interest in the Skokie residence vis-a-vis that of Jack Kuhn. Having failed to take advantage of this opportunity and having failed to appeal from the partition decree or the order denying him leave to file his claim, he is now bound by the decree which declared his interest to be a one-half ownership subject to Jack Kuhn's estate of homestead and he cannot now insist upon any rights in that property which were not protected by that decree.

The judgment is affirmed.

Affirmed.

SCHWARTZ and SULLIVAN, JJ., concur.