(No. 32004.

THE PEOPLE *ex rel.* J. Russell McAllister, Appellant, *vs.* R. LYNN EAST *et al.,* Appellees.

*Opinion filed June 6, 1951.*

CLARK H. COUNTRYMAN, State's Attorney, of Sycamore, for appellant.

HAROLD A. RISSMAN, of De Kalb, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

In December, 1949, an election was held in De Kalb County, for the purpose of voting for or against the proposition of establishing a community consolidated school district. This was declared organized as Community Consolidated School District No. 184. The county superintendent of schools of De Kalb County entered an order for the purpose of electing a board of directors for such district, and an election was held, and the defendants in the present case were elected on January 14, 1950, and said school district has functioned since that time as a school, hired teachers, made financial commitments, and has had annexed thereto certain territory which was not contained in the original district; and, by reason of such organization and carrying on of the school, numerous buildings and sites, which were operated and carried on by other school corporations, were dismantled, sold, or discontinued.

On January 17, 1951, the State's Attorney of De Kalb County challenged the legality of the organization of this school district by a *quo warranto* proceeding, requiring the president and members of the board of education of said school district to show by what warrant or authority they were executing such offices. The matter was heard by the circuit court of De Kalb County, and on January 22, 1951, a finding was made and judgment was entered in favor of the defendants. No appeal was taken from that judgment, nor was any motion made to vacate or amend the judgment, and the same remains in full force and effect.

On March 20, 1951, and subsequent to the judgment mentioned above, the State's Attorney filed another *quo warranto* action, challenging the right of the defendants to hold the offices of president and members of the board of education of Community Consolidated School District No. 184, by reason of certain errors claimed to have been committed in the organization of the district. The only difference between this suit and the one first mentioned is that the one challenged the legality of the district as to the original members of the board of education and the other challenged the rights of the defendants, who are the same persons, to hold offices in that district. The sole issue in both cases was the legality of the organization of the district. There is no question raised in the instant suit that the officers would not be legal officers if the district were properly organized. The defendants denied they are holding the offices illegally, and pleaded estoppel and *res judicata,* by reason of the judgment first above mentioned affecting the legality of this school district.

The case referred to as *res judicata* was between the same party, as plaintiff, and the same parties, as defendants, and questioned the right of the defendants to hold office because of the legality of the organization of said school district. The judgment order in the first case was entered on January 22, 1951, and, after reciting jurisdictional matters, the court makes the following finding:

"The election held December 17, 1949, for the purpose of voting for or against the proposition of establishing a Community Consolidated School District; said District being now known as Community Consolidated School District No. 184 in De Kalb County, Illinois, was in all respects lawfully and properly conducted. Great inconvenience would result to the inhabitants of the district and education within the boundaries of District 184 would suffer irreparable harm by a declaration of ouster. Com-

dated school district. The defendants, and each of them, County, Illinois, is a legally created and existing consoli-munity Consolidated School District No. 184 of De Kalb are not guilty."

This judgment was never appealed from nor modified, and remains in full force and effect.

On March 22, 1951, in the present case, the order entered, omitting the jurisdictional recitals, is as follows:

"The election held December 17, 1949, for the purpose of voting for or against the proposition of establishing a Community Consolidated School District; said District being now known as Community Consolidated School District Number 184 in De Kalb County, Illinois, was in all respects lawfully and properly conducted. Great inconvenience would result to the inhabitants of the district and education within the boundaries of District Number 184 would suffer irreparable harm by a declaration of ouster. Community Consolidated School District Number 184 of De Kalb County, Illinois, is a legally created and existing consolidated school district. The judgment order entered January 22, 1951, in the case of People of the State of Illinois, v. R. Lynn East, Ralph H. Schaeffer, Kenneth Knudtson, Jeannette Sherman, James Beveridge, Harold Boekenhauer and Michael Gallagher, General No. 51-10, then pending in this court is res judicata and is a bar to the maintenance of this or any similar action between the parties. The defendants, and each of them, are not guilty."

It will thus be seen that the identical issue presented by appellants, *viz.*, the validity of the election by which the district was organized and created, was presented and determined by the first judgment.

It is a principle universally accepted that the same issue cannot be litigated to a final conclusion between the same parties two or more times, where the first judgment is final, unappealed from, and unreversed. Precisely the same situation arose in the case of *People* v. *Kidd,* 398 Ill.

405, where a *quo warranto* proceeding was filed by an individual voter, resident and taxpayer to question the legality of a consolidated school district by reason of deficiencies in the official ballot used in organizing the district, and in the conduct of the election. The court entered an order upholding the organization of the district. Later, in the same year, the State's Attorney filed another *quo warranto* action, questioning the organization of the district and also the right of the individual respondents to hold the office of members of the board of education thereof, which petition for *quo warranto* was dismissed by the circuit court.

It is unnecessary to go into the exhaustive opinion in that case, but, under precisely the same circumstances as exist in the present case, we held that the doctrine of *res judicata* applied, and that the judgment of the trial court in dismissing the second application was correct, even though the judgment in the first case may have been wrong. In that case we called attention to the familiar doctrine of *res judicata* that, in all cases where the second suit is upon the same cause of action and between the same parties or their privies as the former action, the bar thereof exists not only to the questions actually litigated and decided, but to all other grounds of recovery or defense which might have been presented. We also called attention to the principle that whatever may be adjudged between parties in the exercise of a proper jurisdiction, no error in the exercise of that jurisdiction, however gross, can be urged in a collateral proceeding, and that, however erroneous the decision may be, it is binding upon all parties until it is reversed or set aside in a direct proceeding for that purpose. In other words, the court having jurisdiction has jurisdiction to decide erroneously as well as correctly.

Apparently, the People in this case were not satisfied with the judgment of the court upon the first hearing, and have taken the method of filing a second suit involving

the same matters, as a means of having the first judgment reviewed. This, for the reasons pointed out above, cannot be done.

While it may be urged that the proceeding in this case is against the individual members of the school board, yet the title to their office depended solely upon the validity of the organization of the district, and that was decided in favor of the appellees in the first judgment of the circuit court of De Kalb County, and was again decided the same way in the judgment appealed from, with the additional finding that the first judgment is *res judicata* of the present suit. Extended citation of authorities could not more completely cover the present situation than the decision of this court in *People* v. *Kidd,* 398 Ill. 405.

The judgment of the circuit court of De Kalb County is affirmed.

*Judgment affirmed.*