No. 38,330

J. O. Jones, sometimes known as Jim Jones, *Appellant,* v.
Paul Anderson, *Appellee.*

(233 P. 2d 483)

Opinion filed July 3, 1951.

*Ralph H. Noah,* of Beloit, and *Roy D. Adcock,* of Smith Center, were on the briefs for the appellant.

*A. W. Relihan, T. D. Relihan* and *Terry E. Relihan,* all of Smith Center, were on the briefs for the appellee.

The opinion of the court was delivered by

Wedell, J.: This is an appeal by an alleged tenant from a judgment denying recovery of the value of a two thirds interest in a growing wheat crop.

The defendant was the purchaser of the land at a sheriff's sale in a partition action. The appeal is from an order striking portions of the amended petition and from a later order sustaining a demurrer thereto.

We do not deem it necessary to set forth the entire amended petition together with the various exhibits attached thereto describing previous probate and district court orders and judgments. The stricken portions of the amended petition will be considered later in connection with the treatment of contentions of the parties. A general summary of alleged facts, other than those stricken, will be helpful before considering the latter.

The instant action was filed in February, 1950, against appellee, the purchaser of the land, at a sheriff's sale in a partition action. At the time of such sale there was a growing crop on this and on three other tracts of land sold at the same time. The partition action was between persons to whom the land in question had been assigned at the final settlement and distribution of a decedent's estate by the probate court on November 22, 1947. Appellant, J. O. Jones, sometimes referred to as Jim Jones, was one of four heirs and devisees mentioned in the will of their father, David Jones. This and other lands were devised to the four heirs, share and share alike.

The amended petition also alleged: Appellant had been a tenant on the land by virtue of a verbal lease with his father, who died October 4, 1946; that following the father's death he remained on the land as a tenant under an oral arrangement then made with the administrator and with a sister and brother, devisees of the land; that he did not consult the other brother, Clink Hiram Jones, but the latter made no objections to his continuance as a tenant; he prepared the land and sowed sixty-five acres of land to wheat in the fall of 1947, which resulted in the wheat crop in question.

The order of final settlement and distribution of decedent's estate, as already stated, was made November 22, 1947. The wheat crop was then immature. That order recited the estate had been fully administered; all demands of creditors had been fully paid; no inheritance taxes were due; the administrator had filed his account showing his receipts and disbursements and his account had been examined and was approved.

The probate court order transferred and assigned the lands of the decedent to each of the four devisees, share and share alike, in accordance with the terms of decedent's will. It also ordered that all funds in the hands of the administrator after payment of costs, taxes and bequests be paid to the four devisees, previously mentioned therein, or to their assigns or legal representatives. The

order of final settlement and distribution further recited the time for filing of claims against the estate had expired.

Appellant did not allege he had asserted a claim in the probate court to a tenant's share in the immature wheat crop. Such share in the crop was not assigned to him. No appeal from the final order of settlement and distribution was alleged. On May 26, 1948, the administrator filed receipt showing compliance with the former order of final settlement and distribution and obtained his final discharge.

Previously and in January, 1948, one of the four devisees, Clink Hiram Jones, instituted a partition action in the district court and made appellant a party defendant. Appellant did not assert a tenant's share in the growing wheat crop in the partition action. The land was partitioned among the devisees in accordance with the final decree of settlement and distribution made by the probate court on November 22, 1947. Not being properly divisible in kind the land was ordered sold as provided by law. On March 22, 1948, an order of sale was issued to the sheriff directing him to advertise and sell the land. No reservation relative to appellant's interest or claim to a tenant's share in the growing wheat crop was contained in the judgment, order of sale, in the sheriff's notice of sale or in the confirmation of sale. On April 27, 1948, the land was sold to appellee, the sale was confirmed by the court, and on May 18, 1948, appellee obtained a regular sheriff's deed containing no reservations or exceptions relative to the wheat crop. After the wheat crop matured appellee entered upon the premises and started to cut the wheat. Appellant notified appellee not to cut it; that he claimed a tenant's two thirds share and intended to cut it within a few days and deliver one third thereof to appellee; appellant advised appellee the wheat belonged to him and he reminded appellee of the alleged terms of the sale, which terms will be mentioned presently, but appellee contended the wheat belonged to him and that he was going to cut it; appellee did so.

Appellee's demurrer to the amended petition was based on the grounds (1.) it failed to state a cause of action for the relief sought; (2) the matters alleged in the amended petition were fully determined in the partition action; and (3) it constituted a collateral attack on the judgment in the partition action.

Appellant concedes the amended petition did not state a cause of action after portions thereof were stricken pursuant to appellee's

motion. He contends the stricken allegations supplied essential elements of plaintiff's cause of action. He asserts the court erred in striking from the petition certain allegations relative to alleged terms of the partition sale. One of those allegations, in effect, was that the defendant, by his attorneys Relihan and Relihan, in the partition action, caused to be published two articles in a Smith county newspaper. The foregoing statement was stricken. A copy of the article itself, however, appears not to have been stricken. We are unable to perceive how the striking of the foregoing allegation constituted error. From the record in the partition action presented to us it appears that law firm did not represent the instant defendant in the partition action, if he were actually a party thereto which is not made to appear, but that such firm represented the plaintiff, Clink Hiram Jones, in the partition action.

In any event the article published in effect stated that four farms formerly belonging to the late David Jones would be sold at sheriff's sale and that possession thereof would be given upon confirmation of sale, "subject to rights of tenants to harvest wheat planted on lands. Landlord's share of wheat to go to purchaser." Another portion of the petition which was stricken stated, in effect, that T. D. Relihan, an attorney for the plaintiff in the partition action, made an announcement at the sale of the terms and conditions of the sale in substantially the same form as published in the newspaper article.

We pause to observe this was a judicial sale. It was a sale by the court and the stricken statements were not alleged to have been made by the sheriff, the agent of the court. As previously indicated the statement by the attorney and the newspaper articles were contrary to the judgment, order of sale, confirmation of sale and the sheriff's deed. Assuming, however, such advertisements or oral statements may become competent evidence under some circumstances, did they in the light of other allegations in the amended petition, establish appellant's cause of action?

It will be recalled four tracts of land were being sold at the same partition sale. Appellant does not claim to have been the tenant on any of the other three tracts of land. We are first obliged to inquire what the rights of this particular appellant were *at the time of the partition sale.* In support of the order sustaining the demurrer appellee first contends the petition did not disclose

appellant had a tenant's interest in the wheat crop for the reason the petition failed to disclose he had a valid lease on the land.

Appellant's lease was based on an oral agreement with the administrator and with only two of the other three heirs which it is alleged was made following the decedent's death on October 4, 1946. The crop here involved was not one planted in the fall of 1946 but was a crop planted in the fall of 1947 and harvested in the summer of 1948. No petition for permission to execute a lease was submitted to or approved by the probate court. The material part of G. S. 1949, 59-1409 provides:

"The executor or administrator may lease real estate in his possession for a term of not more than one year. He, together with the heirs and devisees having an interest therein, may lease such real estate for a term longer than one year, and they may execute an oil and gas or other mineral lease for such real estate."

G. S. 1949, 59-2302 reads:

"A petition for the lease of the real estate of a decedent, or of a ward, for a term of three years or less, may be heard with or without notice. The court may direct the representative to execute the lease whenever it appears to be for the best interests of the estate or the persons interested in such real estate."

2 Bartlett's Probate Law and Practice, § 1234, states:

"A property lease for a term of three years or less may be made with court approval, with or without notice to interested persons. The court should use its sound discretion in determining whether notice of the hearing of the petition should be required. It should also be noted that only a property lease can be executed by the executor or administrator of a decedent's estate, and that only for a term of one year or less, unless the lease is also executed by the heirs and devisees having an interest in the realty. However, the executor or administrator may join the heirs and devisees in executing a property lease for a longer term, or in executing an oil and gas or other mineral lease. When such a lease is executed by the executor or administrator and the heirs or devisees having an interest in the realty, it needs only court approval to the execution of the lease by the executor or administrator."

We think the amended petition did not plead a valid lease. In so concluding we have not failed to consider other stricken portions of the petition which, in substance, alleged: Appellant continued to farm the land under the terms of the verbal lease originally made with the decedent; that the heir and devisee, Clink Hiram Jones, whom appellant did not consult about the lease, knew appellant was farming the land; the defendant (appellee) knew plaintiff had planted the wheat crop in question; plaintiff had received no pay for his labor and expense of preparing the land and sowing the seed.

It may be well to also note that although the petition alleged Clink Hiram Jones knew appellant was farming the land it did not allege he approved the terms of the verbal lease or that he had any knowledge of its terms.

If, however, by any process of reasoning we might overcome the invalidity of the lease we immediately encounter a second difficulty in an effort to sustain appellant's claim. The petition contains no allegation appellant ever presented his claim to the probate court. No reason is alleged for not having done so. For all that appears in the petition he was entirely satisfied, for some reason, to accept his distributive share as being an equal undivided one-fourth interest in the land with the growing wheat crop thereon. That is the interest he received under the decree of final settlement and distribution of the probate court and appellant did not appeal from such decree. In *Middendorf v. Kansas Power & Light Co.,* 166 Kan. 610, 203 P. 2d 156, this court discussed at length the effect of such a decree and held:

"A final settlement of an estate made by the probate court pursuant to the probate code is a final order binding upon all persons interested in the estate, and the order of final settlement, if not appealed from, becomes final and conclusive as against collateral attack." ( Syl. ¶ 2. )

We encounter another difficulty in considering appellant's claim. Following the final decree of settlement and distribution in the probate court one of the cotenants, Clink Hiram Jones, filed an action in the district court to partition the land. A partition action is particularly designed and suited to settle any and all rights of cotenants in and to the property involved. The district court in such a proceeding has full and complete power to adjudicate every legal and equitable right of the parties to the litigation. Appellant was a party to the partition action but failed to assert a tenant's interest in the crop. He may have recognized that having asserted no claim to a tenant's share in the probate court and having received no such interest in the decree of final settlement and distribution he was barred from asserting it in the district court. At any rate the fact remains he does not allege he asserted a right to the tenant's share of the crop in the partition action and the judgment rendered therein did not protect the interest he now asserts. Nor does the petition allege he refused to accept the proceeds of the sale of the land together with the growing wheat crop which sale the district court ordered made in exact accord with appellant's rights as determined in the final order of settlement and

distribution by the probate court. He perfected no appeal from the judgment in the partition action and it likewise became a finality.

All the court proceedings and judgments thus far discussed which determined appellant's interest in the land together with the growing wheat crop transpired prior to the alleged notice of the terms of the sale upon which appellant relies.

In this state it has been held a conveyance of land by voluntary deed or judicial sale, without reservations, carries all growing crops with the title to the land. The rule applies only, however, to crops which are immature and have not ceased to draw nutriment from the soil at the time of sale and is not applicable to crops that are ripe or ready to harvest. This general rule has been stated in decisions involving varied facts. Some of them are *Garanflo v. Cooley,* 33 Kan. 137, 5 Pac. 766; *Goodwin v. Smith,* 49 Kan. 351, 31 Pac. 153; *National Bank v. Beegle,* 52 Kan. 709, 35 Pac. 814; *Brendle v. Hudson,* 146 Kan. 924, 73 P. 2d 1013.

From what has been said herein it must not be inferred that evidence of a parol agreement concerning reservations about growing crops is never admissible. (*Peterson, Administrator, v. Honaker,* 114 Kan. 752, 220 Pac. 1025; *Soeken v. Hartwig,* 124 Kan. 618, 261 Pac. 590.) What we do conclude in the instant action is that evidence of statements such as those here relied on cannot perform the function of creating a new title in and to a tenant's share in a growing wheat crop when such title, if it ever existed, was previously lost by the finality of judicial decree.

Appellant contends the administrator of decedent's estate had not been finally discharged by the probate court at the time the partition action was instituted in the district court and, therefore, the latter court acquired no jurisdiction to partition the land, citing *In re Estate of Williams,* 160 Kan. 220, 160 P. 2d 260. We cannot agree. A careful examination of the Williams' case will disclose that decision is not controlling in the instant case. Here there had been a complete and final order of settlement and distribution. The title to the land had become vested and was assigned to the parties according to the directions contained in the will of the testator. The administrator's account had been approved. His fees and those of his attorneys had been allowed. It is not alleged the final decree was ever changed or altered in any particular or that an appeal therefrom was perfected. All that remained was the discharge of the administrator upon compliance with purely ministerial duties.

We think the court did not err in striking portions of the amended petition. We are also persuaded it did not err in thereafter sustaining the demurrer. The demurrer would have been good even though no allegations had been stricken previously. Only facts which constitute elements of a cause of action are properly considered in ruling on a demurrer to a petition.

The judgment is affirmed.