Vincent Radice, Administrator With Will Annexed of the Estate of Chancey Radice, Deceased, Plaintiff-Appellant, v. Gabriele Antonacci, Defendant-Appellee.

Gen. No. 54,005.

First District, First Division.

February 2, 1970.

Rehearing denied February 26, 1970.

Leonard Karlin, of Chicago, for appellant.

Rafael A. Del Campo, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

This case comes to us on appeal from a final order dismissing plaintiff's complaint with prejudice.

On August 27, 1968, a complaint was filed by Vincent Radice, as Administrator with Will annexed of Chancey Radice, deceased, in the Chancery Division of the Circuit Court of Cook County, seeking a determination that property inherited by Gabriele Antonacci from his spouse, Jessie Antonacci, is subject to a constructive trust in favor of the creditors and legatees of Chancey Radice. It was therein averred that at the time of the death of Jessie Antonacci, on June 7, 1968, there was pending in the Circuit Court of DuPage County, a certain claim consisting of a suit entitled "Vincent Radice, Administrator with Will Annexed of the Estate of Chancey Radice, Deceased, plaintiff v. Jessie Antonacci, defendant" bearing the number 66–1657G. In that complaint it was alleged that Chancey Radice, in 1958, one year after her marriage to Vincent Radice, executed a will providing for the distribution of her estate in four equal parts to three sisters and the children of a deceased brother. It was averred that this was an illegal attempt to disinherit a surviving spouse and that Vincent Radice had renounced the will. Plaintiff further alleged, that in order to effect such illegal purpose Chancey Radice diverted all of her assets by means of a joint tenancy with Jessie Antonacci, her sister, that would be effective upon her death for the purpose of leaving her estate worthless and exclude her husband from any distribution. The complaint then listed real and personal property that was diverted to Jessie Antonacci, "as trustee for distribution under the terms of the will." It was stated that Jessie Antonacci instead claims these properties as her own. Plaintiff prayed in the suit in DuPage County that the defendant be directed

479

to convey all such assets to the estate of Chancey Radice and that the cause be assigned to the Probate Division of the Circuit Court. In the complaint, in the Circuit Court of Cook County, plaintiff asked the court to determine such a constructive trust in the property of Gabriele Antonacci and to order such property to be conveyed to the plaintiff administrator.

The defendant, Gabriele Antonacci, filed a special and limited appearance on October 3, 1968, to question whether the Circuit Court of Cook County had jurisdiction to hear the matter. The defendant filed a verified affidavit in which he alleged that the res in this case, as in the DuPage County case, consisted of property that Jessie Antonacci held in joint tenancy with Chancey Radice, deceased, who resided at the time of her death in DuPage County and that Vincent Radice, plaintiff in this action, was the plaintiff in the DuPage case. The case in DuPage County commenced after a citation proceeding was held in the estate of Chancey Radice. The Probate Judge determined that all the property alleged to belong to the estate of Chancey Radice (64P135 Du Page County) was properly the property of Jessie Antonacci and dismissed the complaint. It was further alleged that plaintiff then filed an appeal and the order was reversed by the Appellate Court for the Second District on the ground that the Probate Division did not have power to make a final determination of property in a citation proceeding. Upon remand, the defendant filed her motion for summary judgment. Jessie Antonacci died on June 7, 1968. A suggestion of death was filed and a special administrator was appointed. After arguments were heard, the court found on June 14, 1968, that all the property alleged to belong to the estate of Chancey Radice, was the property of the defendant. Vincent Radice moved to vacate the summary judgment on the ground that the defendant's death abated the action.

480

This motion was denied, and no appeal was taken therefrom.

On October 25, 1968, plaintiff moved to hold the defendant's special appearance in the Cook County case as a general appearance. In support of this motion, he alleged that he placed all his money in joint tenancy with his wife, Chancey Radice, who unbeknownst to him diverted their money into a joint tenancy with her sister, Jessie Antonacci. Plaintiff did not discover this until after his wife's death in 1963. As the surviving spouse and as administrator he brought citation proceedings in DuPage County Probate Court to recover property on the doctrine of a constructive or resulting trust. After the Appellate Court for the Second District rendered its decision and remanded the case, the defendant filed an answer which presented no new material and moved to dismiss on the pleadings. While this motion was pending, on June 7, 1968, the defendant, Jessie Antonacci, died. It was further alleged that on June 14, 1968, without informing counsel for the administrator of the death, (although filing a suggestion of death with the court) counsel for the deceased, Jessie Antonacci, prevailed upon the court in DuPage County to rule favorably upon his motion. "The notice of motion recited that the purpose of his motion was to have the matter set for argument, and his opposing counsel had called to tell him he was engaged in trial and could not be present that morning." The present suit was brought in Cook County because it is the county of residence of the defendant against whom the administrator is entitled to proceed since the DuPage County action abated upon the death of the holder of the legal title to the trust property and no orders entered thereafter were of any force and effect.

On February 10, 1969, the matter was heard on the motion, the complaint, special and limited appearance and affidavit of the defendant questioning the jurisdic-

tion of the court, and the plea of res judicata by reason of the final order of the Circuit Court of DuPage County sustaining a motion for summary judgment for the defendant in that case. After a hearing, the court ordered the complaint to be dismissed with prejudice for want of equity. This appeal by plaintiff followed.

Plaintiff argues that when Jessie Antonacci died, the Circuit Court of DuPage County lost jurisdiction of the matter because it had jurisdiction of her property and person only until the time of her death. Since Gabriele Antonacci was not substituted as a party, as required by Ill Rev Stats 1967, c 110, § 54(2), he never subjected himself to the jurisdiction of the DuPage court and could be sued individually when personally served in the jurisdiction of the Cook County Circuit Court.

The record clearly establishes that the plaintiff administrator commenced an action in DuPage County, prior to the death of Jessie Antonacci, asserting the same claim against her that is made in the instant complaint—that she was holding property subject to a constructive or resulting trust for the benefit of the heirs and legatees of the late Chancey Radice. A suggestion of the death of Jessie Antonacci was made in the Du Page County case after June 7, 1968. On June 14, 1968, a summary judgment was entered in that case holding the property in question to belong to Jessie Antonacci. A motion by the administrator to vacate this judgment was denied and no appeal was taken from that judgment. The complaint in the case at bar was filed in the Circuit Court of Cook County on August 27, 1968, and dismissed on February 10, 1969.

■ ■ It will thus be seen that the identical issues were commenced by the administrator in both DuPage and Cook Counties. It is a principle universally accepted that the same issue cannot be litigated to a final conclusion between the same parties two or more times where the first judgment is final, unappealed from and

unreversed. People ex rel. McAllister v. East, 409 Ill 379, 383, 100 NE2d 746, 747. The Supreme Court reminded us in the McAllister case that:

> . . . in all cases where the second suit is upon the same cause of action and between the same parties or their privies as the former action, the bar thereof exists not only to the questions actually litigated and decided, but to all other grounds of recovery or defense which might have been presented.

> . . . [W]hatever may be adjudged between the parties in the exercise of a proper jurisdiction, no error in the exercise of that jurisdiction, however gross, can be urged in a collateral proceeding, and . . . however erroneous the decision may be, it is binding upon all parties until it is reversed or set aside in a direct proceeding for that purpose. In other words, the court having jurisdiction has jurisdiction to decide erroneously as well as correctly. 409 Ill at 383, 100 NE2d at 747.

The present proceedings present a clear case where the doctrine of res judicata applies and bars an attempt to relitigate the former suit. The judgment dismissing plaintiff's complaint is therefore affirmed.

Affirmed.

MURPHY and ADESKO, JJ., concur.