**E. M. LAWRENCE, Appellant,**

v.

**A. H. WORTHINGTON, Appellee.**

No. 4547.

Court of Civil Appeals of Texas, Eastland.

July 14, 1972.

Hubert Roach, Aspermont, for appellant.

Jack G. Willingham, Hamlin, for appellee.

WALTER, Justice.

A. H. Worthington recovered a judgment for $267.50 and attorneys' fees against E. M. Lawrence for labor and Lawrence has appealed.

The parties stipulated that Worthington and Lawrence entered into an oral agreement whereby Worthington agreed to plow 245 acres of land owned by Lawrence for $367.50; that Worthington performed his services by plowing the land; that Lawrence paid Worthington $100.00 in cash and that thereafter Worthington presented his claim to Lawrence for the $267.50 and Lawrence refused to pay it.

■■ At the conclusion of the testimony the trial court withdrew the case from the jury and entered judgment for Worthington. By a proper bill of exception, Lawrence, after being called as a witness, was asked the following question and he proffered the following answer:

"Q. Did you and Mr. Worthington, during the time the work was being done, or subsequent to the completion of such work have any settlement agreement with reference to what was owing to him, Mr. Worthington, for the work that was done?" To which question Plaintiff's Counsel objected for the reason that such agreement was not in writing, and which objection the Court sustained; and to which ruling of the Court the Defendant duly and timely excepted, and in connection with such exception that had the Defendant been permitted to testify relative to such settlement agreement, would have testified as follows: "I operated a mercantile business in Aspermont for Twenty five years under the Name of Lawrence Department Store. During that time, A. H. Worthington, Plaintiff herein made purchases from me on an open account arrangement. When I went out of business, Mr. Worthington owed me on his account with my store, the approximate sum of $350.00, which was evidenced by tickets showing purchases of merchandise from time to time. All of these tickets showed purchases of merchandise more than two years prior to the time the work in question was done, and some of them were close to ten years old; and of course were admittedly barred by the statutes of limitation. However during the time the work was being done, and was approximately seventy five per cent complete, Mr. Worthington came to me and asked for some money. I paid him a hundred dollars, and I told him I wanted him to apply part of the work on his account with Lawrence Department Store. He agreed at that time to apply the work or part of it on the account, and went ahead and finished the plowing. About three days after he had finished the plowing, I took his store account bills and went to his home for the purpose of working out a satisfactory settlement. I told him I had rather to lose the account than to have any ill will in regard to it, and that I was not going to try to force him to pay the account, but I would appreciate his doing so. I took the bills, and went over them one by one. In fact we spent two hours visiting and discussing the bills. He agreed to pay the

balance he owed me. I told him that I would cancel the entire account. I was sure that he would never pay the accounts as they had run for a long time. The balance owing on the work he had done for me was not as much as the balance owing on the old accounts, in fact there was an approximate excess of Eighty Dollars in my favor. He agreed to apply the work on the account, but added that he wanted to pay the difference. I handed all of the bills to him, and have not seen them since. Sometime later, he and a car full of his sons and sons-in-*laws* drove up to my home, and he asked me to pay him for the work. He was drinking very heavily and I believe the entire group was drinking. It was my opinion that they had run of drinking money. I told him we had settled the matter, and asked him to leave, which he did. I was *filed* when he filed a suit, which he did later, after we had had what we both considered at the time to be a complete accord and satisfaction."

The question presented by the appellant's bill of exception is whether the evidence sought to be introduced constituted a valid accord and satisfaction and whether the court should have admitted such testimony and submitted the case to the jury on this question. Accord and satisfaction is defined as follows:

"Accord and satisfaction is a method of discharging a contract, or settling a cause of action arising either from a contract or from tort, by substituting for such contract or such cause of action an agreement for the satisfaction thereof, and executing such substituted agreement. An 'accord' is an agreement whereby one of the parties undertakes to give or perform, and the other to accept, in satisfaction of a claim, liquidated or in dispute, and arising either from contract or from tort, something other than or different from what he is, or considers himself, entitled to; and a 'satisfaction' is the execution, or performance, of such an agreement." 1 C.J.S. Accord and Satisfaction § 1, page 462.

The statute of limitations affects the remedy only but does not destroy the debt. Although the debt is barred by limitations there remains a moral obligation to pay which constitutes a good consideration. 37 Tex.Jur.2d, § 4, pp. 84 and 85.

 We therefore hold that the trial court erred in refusing to permit the appellant Lawrence to testify as set out in his bill of exception. In our opinion the evidence raises an issue on accord and satisfaction and the fact issue of whether Worthington agreed to accept cancellation of his barred debts in consideration for the balance of his plowing bill should have been submitted to the jury. If this fact issue is determined in favor of Lawrence, there has been an accord and satisfaction of the plowing debt.

The judgment is reversed and the cause is remanded.