SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Plaintiff-Appellee, v. WOODSTOCK, INC., Defendant-Appellant.

(No. 60638;

First District (4th Division)—November 12, 1975.

Herbert I. Rothbart, of Chicago, for appellant.

Mahoney and McArdle, Chtd., of Chicago, for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

Southern Bell Telephone and Telegraph Company filed suit in Dade County, Florida, to collect telephone charges allegedly due from Woodstock, Inc., an Illinois corporation whose principal place of business is in the State of Illinois. Judgment was entered in the Florida court and was subsequently registered with the Circuit Court of Cook County. On April 10, 1974, the Circuit Court of Cook County directed that judgment be entered in favor of the plaintiff in the amount of $6,198.61.

The issue presented for review is whether the trial court erred in affirming the foreign judgment without holding a hearing on the merits regarding defenses raised by Woodstock, Inc.

The plaintiff filed a suit on March 24, 1971, in Dade County, Florida, for nonpayment of charges as a result of telephone service provided in Miami Beach, Florida. The complaint alleged that of the $8,929.25 bill only $4000 had been paid. Suit was for the balance owed.

The defendant filed a motion to dismiss on May 10, 1971, on the basis that the pleadings were inadequate to state a cause of action, that the defendant was an improper party, that the defendant was improperly served, and that the plaintiff had failed to join a necessary party.

The plaintiff filed an affidavit on June 15, 1971, setting forth a verification of services provided. The plaintiff then petitioned the court to prohibit the defendant from defending the lawsuit because of the noncompliance with Florida statutes requiring the filing of an annual report and payment of a capital stock tax pursuant to section 608.32 of the Florida Statutes.

The defendant sought additional time from the court in order to comply with Florida law. On September 24, 1971, the court granted the defendant's motion to dismiss the plaintiff's complaint, and the plaintiff was given ten days to file an amended complaint. The defendant was also

given 30 days from September 24, 1971, to comply with the Florida statutes.

The plaintiff filed its amended complaint on September 21, 1971, and on October 13, 1971, the defendant filed its answer to the amended complaint, denying the purchase of services, denying installation of telephones, denying that it was indebted to the plaintiff, and denying payment of $4000. The defendant also set forth five affirmative defenses: (1) the defendant was an improper party; (2) the defendant had been improperly served; (3) the plaintiff had failed to join indispensable parties; (4) the court lacked jurisdiction; and (5) the agreement between the plaintiff and the defendant violated Florida law.

On December 7, 1971, the trial judge granted the defendant additional time until December 23, 1971, in which to comply with the Florida statute prohibiting the defendant from defending a lawsuit if it failed to file an annual report and pay its tax. Then, on December 23, 1971, when the defendant still had not complied with the statute, the court ordered that the defendant's pleadings be stricken and the defendant be prohibited from defending in any way.

On January 14, 1972, the court entered judgment against the defendant in the sum of $4,929.25, and on February 9, 1972, the court entered judgment for $34 in costs plus interest of $517.

On August 22, 1972, a petition to register the foreign judgment was filed in the Municipal Department of the First District, to which was attached a verified copy and an exemplified copy of the final judgment and judgment for costs plus interest.

On April 10, 1974, the court entered judgment in favor of the plaintiff and against the defendant in the amount of $6,198.61, together with costs, and found that the defendant had its day in court. $6,198.61 is an amount equal to the sum of the original judgments and costs in the Florida court plus interest of $718.36 to March 20, 1974.

■■ The defendant first contends the purpose of the statutory requirements under section 8 of the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1969, ch. 77, § 95) is to permit the presentation of any defense which may have been asserted by a defendant in an action on a foreign judgment. The defendant argues there was never a hearing in the State of Florida insofar as determining that an employee or duly authorized agent of Woodstock, Inc., authorized the telephone service charges involved; that the real party defendant in the Florida matter was not Woodstock, Inc., an Illinois corporation, but Woodstock of Florida, Inc., a separate Florida corporation.

The defendant is, in effect, asking for a trial de novo, but it had ample opportunity to litigate the case in the Florida court and to present all of

its defenses. For whatever reason, it chose not to comply with the Florida statutes requiring the registration of foreign corporations, the filing of reports, and the payment of taxes. The defendant then acceded to the order of the court striking its pleadings by failing to seek review of the order on the basis that it had been denied its constitutional guarantees.

Under the doctrine of full faith and credit accorded judgments of sister States, the forum court will not rehear a case on its merits because the judgment is *res judicata* as to the nature and the amount of the plaintiffs' claim and all defenses raised, or which could have been raised. *Kolman v. National Racing Affiliates* (1965), 64 Ill.App.2d 61, citing *Morris v. Jones* (1947), 329 U.S. 545, 91 L.Ed. 488, 67 S.Ct. 37.

■■ The defendant next contends the foreign judgment need not be recognized under section 4(b)(6) of the Uniform Foreign Money-Judgment Recognition Act (Ill. Rev. Stat. 1969, ch. 77, § 124(b)(6)). That section provides that a foreign judgment need not be recognized if "in the case of jurisdiction based only on personal service, the foreign court was a seriously inconvenient forum for the trial of the action."

In this case the jurisdiction was not based only on personal service, but on the transaction of business in the State of Florida. The defendant cannot seriously contend that the Florida telephone company must go to Illinois to collect an outstanding indebtedness for goods and services provided in the State of Florida.

■■ Third, the defendant contends section 125 of the Illinois Business Corporation Act (Ill. Rev. Stat. 1969, ch. 32, § 157.125) precludes the use of the Illinois courts by Southern Bell to register this foreign judgment, without first obtaining a Certificate of Authority. That statute provides in part:

> "No foreign corporation transacting business in this State without a certificate of authority shall be permitted to maintain an action at law or in equity in any court of this State, until such corporation shall have obtained a certificate of authority. * * *"

To afford the defendant's interpretation of this provision would require every foreign corporation not transacting business in the State of Illinois to obtain a certificate of authority from the Secretary of State before it could register or enforce a judgment from a sister State. This would obviously frustrate and defeat the Uniform Enforcement of Foreign Judgments Act.

For these reasons, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

BURMAN and JOHNSON, JJ., concur.