SANTUCCI CONSTRUCTION COMPANY, Plaintiff-Appellant, *v.* THE METROPOLITAN SANITARY DISTRICT OF GREATER CHICAGO *et al.*, Defendants-Appellees.

First District (1st Division)    No. 76-795

Opinion filed November 28, 1977.

Philip J. Rock, Daniel R. Fusco, and James G. O'Donohue, all of Chicago, for appellant.

Allen S. Lavin, of Chicago (Michael G. Rosenberg, of counsel), for appellees.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, Santucci Construction Company, an Illinois corporation, appeals from the dismissal by the circuit court of Cook County of its amended complaint against defendants, the Metropolitan Sanitary District of Greater Chicago, a municipal corporation, and its president and board of trustees. The issue presented is whether the reversal of a prior judgment for plaintiff in a mandamus action is res judicata and bars this suit on a contract.

In 1958, plaintiff was awarded a contract by defendants for the construction of certain sanitary sewers. The work was performed and accepted by defendants as satisfactory on December 15, 1960. The defendants refused to pay the sum of $192,500.87 remaining due to plaintiff under the contract because the Revenue Bond Fund for the project was exhausted. Plaintiff filed a complaint for mandamus against defendants on March 22, 1968, seeking a writ to compel defendants to issue bonds to pay for the project, pursuant to the requirement of the statute (Ill. Rev. Stat. 1955, ch. 42, par. 329(a)) that the project be paid for by the sale of revenue bonds only, without any indebtedness on the part of the sanitary district. The trial court issued the writ. Defendants appealed and this court reversed on December 28, 1972. *Santucci Construction Co. v. Metropolitan Sanitary District* (1972), 9 Ill. App. 3d 491, 292 N.E.2d 579, *appeal denied*, 53 Ill. 2d 610.

On December 27, 1973, plaintiff filed this action alleging breach of the contract entered into in 1958. The complaint was amended August 1, 1975. Defendants moved to dismiss the amended complaint on the grounds that it was barred by the prior judgment and by the statute of limitations. The trial court granted the motion to dismiss on October 20, 1975. On November 13, 1975, plaintiff moved to reconsider the dismissal. The parties filed memoranda and argued the motion, and the court denied it on March 29, 1976.

Plaintiff argues that the dismissal of this action as barred by the prior judgment in this court was error because the causes of action are different and because the prior judgment was not on the merits. Defendants, in turn, argue that the former suit arose out of the same breach of the same contract; and that even though this court reversed on the threshold question of the statute of limitations, the court had before it the merits of the cause and indicated in its opinion that the plaintiff failed on the merits.

Central to the resolution of this appeal is the opinion of this court in the first suit. After setting forth the facts, which included recognition that the trial judge had issued the writ of mandamus without hearing any evidence, and enumerating the issues raised by defendants in the appeal, the court stated:

> "Although the District argues persuasively that, under the instant record, Santucci has not demonstrated a clear legal right to a writ of *mandamus,* and also that Santucci failed to allege or prove that it made a prior demand upon the District for the issuance of additional bonds, we believe that the District's contention that Santucci's action was barred by the Statute of Limitations and by *laches* is dispositive of the appeal."

(9 Ill. App. 3d 491, 493, 292 N.E.2d 579, 581.) The court thereafter held that the five-year limitation of section 15 of the Limitations Act (Ill. Rev. Stat. 1969, ch. 83, par. 16) applied to mandamus actions and that since plaintiff did not bring its action until more than seven years had elapsed after the cause of action accrued, the suit was barred. The court then decided that the defense of laches also operated as a bar to the suit and, in conclusion, reversed the judgment of the circuit court.

■■  A suit is barred by res judicata if it is shown that there was a former adjudication which resulted in a final judgment, that the parties are the same, the subject matter is the same and the cause of action is the same in both suits. (*Smith v. Bishop* (1962), 26 Ill. 2d 434, 436, 187 N.E.2d 217, 219; *American National Bank & Trust Co. v. Zoning Board of Appeals* (1973), 12 Ill. App. 3d 794, 797, 299 N.E.2d 147, 149.) If those requirements are met and the judgment in the former suit was on the merits (*Turzynski v. Liebert* (1976), 39 Ill. App. 3d 87, 90, 350 N.E.2d 76, 79), the latter suit is barred by res judicata and should be dismissed. The

bar of a general statute of limitations is a procedural issue. *Wood Acceptance Co. v. King* (1974), 18 Ill. App. 3d 149, 150, 309 N.E.2d 403, 404-05.

■■ Applying the law to the facts before us, we conclude that the trial court erred in dismissing the suit on the grounds of res judicata. This court's reversal of the former judgment for plaintiff was based on the procedural grounds of the statute of limitations and laches and was not on the merits. Consequently, it is a bar to a subsequent suit solely on the issue that mandamus is not an available remedy due to the statute of limitations. It is not a bar on the merits of plaintiff's present action. *Turzynski v. Liebert* (1976), 39 Ill. App. 3d 87, 91, 350 N.E.2d 76, 80.

■■ ■ Nor is plaintiff's present action barred by the statute of limitations. Section 24 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 24a) gives plaintiff the absoute right to bring a new action within a year of this court's reversal of the judgment in the first suit. (*Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616, 620, 363 N.E.2d 796, 798.) The fact that plaintiff waited until the last possible day to file its present suit is irrelevant. *Franzese v. Trinko* (1977), 66 Ill. 2d 136, 140, 361 N.E.2d 585, 587.

The judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

GOLDBERG, P. J., and ROMITI, J., concur.