DONALD G. FENDER, Plaintiff-Appellant, *v.* ST. LOUIS SOUTHWESTERN RAILWAY CO., Defendant-Appellee.

Fifth District   No. 77-243

Opinion filed June 13, 1979.—Rehearing denied July 27, 1979.

G. MORAN, P. J., dissenting.

Joseph Cohn, of Cohn, Carr, Korein, Kunin & Brennan, of East St. Louis, for appellant.

Ralph D. Walker, Robert L. Gagen, and Donald J. Dahlmann, all of Walker & Williams, of Belleville, for appellee.

Mr. JUSTICE KUNCE delivered the opinion of the court:

This is an appeal by the plaintiff from a judgment of the Circuit Court of St. Clair County dismissing his action under the Federal

Employers' Liability Act (45 U.S.C. §51 *et seq.*, hereinafter referred to as FELA) on the basis of *res judicata*.

The plaintiff, Donald G. Fender, was injured on December 7, 1967, during the course of his employment as a switchman for the defendant, St. Louis Southwestern Railway Co. The occurrence out of which the action arose took place in Texas, the plaintiff was a resident of Texas, and the defendant was a Missouri corporation with its principal place of business in Texas. The plaintiff's original FELA action was filed in the Circuit Court of St. Clair County on May 1, 1968. On January 10, 1969, the court granted the defendant's motion to decline jurisdiction on the basis of the doctrine of *forum non conveniens.*

The plaintiff perfected an appeal to this court, but did not refile his FELA action in any other court. On June 26, 1970, this court reversed the decision of the Circuit Court of St. Clair County. (125 Ill. App. 2d 211, 260 N.E.2d 373.) The defendant's petition for leave to appeal to the Illinois Supreme Court was granted, and on May 21, 1971, the supreme court reversed, holding that the trial court had properly exercised its discretion to grant the *forum non conveniens* motion to dismiss. (49 Ill. 2d 1, 273 N.E.2d 353.) The plaintiff's petition for rehearing was denied on October 4, 1971.

On October 12, 1971, the plaintiff commenced a new FELA action in a Texas court. After some discovery had taken place, the defendant filed a motion for summary judgment, alleging, among other things, that the three-year FELA statute of limitations had expired. The plaintiff did nothing to oppose the motion for summary judgment; neither an answer to the motion nor competent proof of the previous Illinois suit (in an attempt to show that the limitation period had been tolled) was filed. Therefore, on December 28, 1973, the Texas court granted summary judgment for the defendant. On June 6, 1974, the Texas Court of Civil Appeals affirmed the decision of the trial court, holding that the court below had been justified on the basis of the record before it in sustaining the motion for summary judgment; the court noted that the plaintiff had failed to oppose the motion with competent evidence to show that the defense of the statute of limitations would not apply. (*Fender v. St. Louis, Southwestern Ry. Co.* (Tex. Civ. App. 1974), 513 S.W. 2d 131.) On November 13, 1974, the Supreme Court of Texas denied the plaintiff's petition for writ of error. The plaintiff's petition for writ of *certiorari* was denied by the United States Supreme Court on April 14, 1975. 421 U.S. 913, 43 L. Ed. 2d 778, 95 S. Ct. 1569.

On December 23, 1975, more than seven years after the original complaint was filed, the plaintiff filed the present action in the Circuit Court of St. Clair County. The complaint recited the chronology of the prior litigation, alleged that the defendant was estopped from denying

the plaintiff's right to bring the action because of its prior representations to the courts of Illinois that a forum was available in Texas, and charged that the defendant's assertion of the defense of the statute of limitations in the Texas court, in light of those representations to the Illinois courts, constituted fraud. The defendant's motion to dismiss, which asserted that all justiciable issues averred in the complaint had already been fully and finally adjudicated, was granted on March 16, 1977. This appeal followed.

On appeal, the plaintiff reasserts the allegations of the complaint and contends that the FELA limitation period was tolled during the pendency of the prior actions in the Illinois and Texas courts. We see the threshold issue before us as whether the action filed in 1975 was barred by the principles of *res judicata*, and therefore properly dismissed on the defendant's motion.

■■ *Res judicata* is a doctrine of judicial origin; it reflects the sound requirement of public policy that litigation must cease after each party has had a full and fair opportunity to present all the pertinent facts. (*Johnson v. Johnson* (1975), 34 Ill. App. 3d 356, 340 N.E.2d 68.) A cause of action once adjudicated by a court of competent jurisdiction cannot be tried again in new proceedings, before the same or a different tribunal, except in a direct action to set aside the prior adjudication. (*People v. Kidd* (1947), 398 Ill. 405, 75 N.E.2d 851; *Schoenbrod v. Rosenthal* (1962), 36 Ill. App. 2d 112, 183 N.E.2d 188.) The doctrine of *res judicata* extends not only to what actually was decided in the original action but also to every other thing within the knowledge of the parties which might have been set up as a ground for relief or defense, and which could have been decided. *Keim v. Kalbfleisch* (1978), 57 Ill. App. 3d 621, 373 N.E.2d 565; *Menconi v. Davison* (1967), 80 Ill. App. 2d 1, 225 N.E.2d 139.

■■ However erroneous a decision of a court of competent jurisdiction may be, it is binding upon all parties unless it is reversed on appeal. (*People ex rel. McAllister v. East* (1951), 409 Ill. 379, 100 N.E.2d 746; *Radice v. Antonacci* (1970), 120 Ill. App. 2d 478, 257 N.E.2d 233.) The *res judicata* effect of a prior judgment is not mitigated by the fact that it rests upon an erroneous view of the law; nor is the value of a plea of *res judicata* determined by the reasons given by the court in support of the prior judgment. *People v. Kidd*; *Pierog v. H. F. Karl Contractors, Inc.* (1976), 39 Ill. App. 3d 1057, 351 N.E.2d 249.

■■ The United States Constitution embodies the common law doctrine of *res judicata* in the full faith and credit clause. (U.S. Const., art. IV, §1; *Brownlee v. Western Chain Co.* (1977), 49 Ill. App. 3d 247, 364 N.E.2d 926.) The Constitution requires that each State give full faith and credit to the judgments of the courts of a sister State; a judgment is as conclusive in every other court as it is in the one which rendered it, and no other court can rehear any claim, issues, or defense which was previously decided or

which could have been presented to the court of the sister State. *Carlson v. Prestige Casualty Co.* (1975), 28 Ill. App. 3d 926, 329 N.E.2d 477; *Southern Bell Telephone & Telegraph Co. v. Woodstock, Inc.* (1975), 34 Ill. App. 3d 86, 339 N.E.2d 423.

■■■ If a plaintiff seeks a remedy which turns out to be unavailable to him, the adverse judgment is not a final one on the merits, and he is not precluded from subsequently maintaining an action in which he seeks an available remedy; however, whatever matters were actually decided in the prior litigation cannot be reexamined in subsequent litigation. (*Foreman v. Martin* (1975), 26 Ill. App. 3d 1028, 325 N.E.2d 378; *cf. Hurst v. Papierz* (1973), 16 Ill. App. 3d 574, 306 N.E.2d 532.) A statute of limitations is generally considered to affect the remedy only, and not a party's substantive right. (*Cook v. Britt* (1972), 8 Ill. App. 3d 674, 290 N.E.2d 908.) Therefore, a decision of a court of one State holding that an action is barred by a statute of limitations will preclude the maintenance of a subsequent action in another state on the same claim only if the same statute of limitations applies. (Restatement (Second) of Conflict of Laws §110, Comment *b* (1971).) Where more than one remedy exists, a prior judgment that one remedy is barred by the statute of limitations is *res judicata* only as to that remedy. (*Santucci Construction Co. v. Metropolitan Sanitary District* (1977), 55 Ill. App. 3d 376, 371 N.E.2d 53.) However, where an opportunity has been afforded in a prior case to litigate the question of estoppel to assert a statute of limitations, it cannot be relitigated in a later action. *House v. Maddox* (1977), 46 Ill. App. 3d 68, 360 N.E.2d 580.

■■ Applying these principles to the present case, we conclude that the action was properly dismissed. We do not find any concealment or misrepresentation or fraud or deception on the part of the defendant which should reasonably have misled the plaintiff or be the basis of an estoppel to assert the defense of the statute of limitations. Defendant's sound adversary strategy in raising the question of *forum non conveniens* to the courts of Illinois and later asserting the bar of the statute of limitations in the Texas court did not constitute fraud as plaintiff alleges. It was not the defendant's assertion of the defense of the statute of limitations in Texas which resulted in the summary judgment. Rather, that result flowed from the plaintiff's failure to present his case to the Texas court. By filing a complaint there, he submitted himself to the procedural laws of that forum. It was there that he should have asserted his rights. The principles of *res judicata* bar relitigation here of any defense to the motion for summary judgment which could have been raised in the Texas court. *Menconi v. Davison; Dennis v. Silzer* (1977), 48 Ill. App. 3d 468, 362 N.E.2d 1133.

The opportunity was afforded in the Texas case to litigate the

questions of tolling of the statute of limitations and estoppel to assert the statute of limitations. The remedy in an FELA case is the same in Illinois and Texas. The statute of limitations is also the same. Under these circumstances, the authorities previously cited lead us to the conclusion that the decision of the Texas courts must be given full faith and credit here.

For the foregoing reasons, the judgment of the Circuit Court of St. Clair County is affirmed.

Affirmed.

JONES, J., concurs.

Mr. PRESIDING JUSTICE GEORGE J. MORAN, dissenting:

After the Illinois Supreme Court held that the circuit court of St. Clair County was justified in granting defendant's motion to decline jurisdiction on the basis of *forum non conveniens,* the plaintiff filed suit in Texas. In securing its favorable ruling from the trial court, the defendant averred in its motion that the accident happened in Texas and that Texas would be a much more convenient place to try plaintiff's law suit than St. Clair County, Illinois. When the plaintiff filed suit in Texas, the defendant persuaded the Texas courts to hold that the statute of limitations had run on plaintiff's suit while it was on file in Illinois. Thus the defendant in pursuing this course of action broke faith with the courts of Illinois because the dismissal of plaintiff's case under the doctrine of *forum non conveniens* presupposed, as it must, that there was another forum with the capacity to obtain jurisdiction and grant relief. *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839.

I emphasize that the trial court of St. Clair County was not asked to decline jurisdiction in this case. It was asked to dismiss this case on the merits under the doctrine of *res judicata,* which it did. The sole question for our determination is whether the judgment of the Texas court holding that the statute of limitations had run on plaintiff's case while it was on file in Illinois is entitled to full faith and credit under the doctrine of *res judicata.*

The defendant asserted in its brief that the doctrine of *res judicata* somehow barred this action; however, this was merely an assertion without supporting argument. If this was an issue, it was waived under Supreme Court Rule 341(e)(7) (Ill. Rev. Stat. 1977, ch. 110A, par. 341(e)(7)). The majority opinion holds that this action is barred by the decision of the Texas courts which held that plaintiff's cause of action was barred by the statute of limitations. The majority opinion cites no case which sustains this holding.

The Uniform Enforcement of Foreign Judgments Act, adopted into

Illinois law (Ill. Rev. Stat. 1951, ch. 77, par. 88(a)), defines "foreign judgment" to mean any judgment, decree or order of a court of the United States or of any State or territory which is entitled to full faith and credit in this State. The United States Constitution, article IV, section 1, provides that State courts must give full faith and credit to judgments of competent courts of other States. However, only judgments rendered "on the merits" are entitled to full faith and credit. (A. Ehrenzweig & D. Louisell, Jurisdiction—State and Federal (1973).) A statute of limitations is said to restrict a plaintiff's rights rather than to extinguish them. This rule is succinctly stated in *Cook v. Britt* (1972), 8 Ill. App. 3d 674, 290 N.E.2d 908:

> "It is generally agreed that a statute of limitations is an act limiting the time within which legal action shall be brought and affects the remedy only and not a substantive right." (8 Ill. App. 3d 674, 676.)

The decision of the Texas court was expressly limited to a finding that the action had not been brought within the statutory period. Since this determination was not "on the merits," it can have no *res judicata* effect on the subsequent action in St. Clair County.

A summary judgment is on the merits and bars a later action on the same cause of action, except where the basis for the summary judgment is one of the matters which goes only to the availability of the remedy rather than to the existence of the right. (R. Casad, Res Judicata 115-16 (1976).) It is especially significant that under Texas law statutes of limitation are likewise regarded as affecting the remedy only without destroying the right. *Lawrence v. Worthington* (Tex. Civ. App. 1972), 484 S.W.2d 601; *Missouri Pacific R.R.Co. v. Southern Pacific Co.* (Tex. Civ. App. 1968), 430 S.W.2d 900.

The Federal courts are agreed that Federal law governs on the question whether the limitation period of the Federal Employers' Liability Act is tolled or the defendant is estopped from asserting it. *Burnett v. New York Central R.R. Co.* (1965), 380 U.S. 424, 13 L. Ed. 2d 941, 85 S. Ct. 1050; *Scarborough v. Atlantic Coast Line R. Co.* (4th Cir. 1951), 190 F.2d 935; *Scarborough v. Atlantic Coast Line R. Co.* (4th Cir. 1953), 202 F.2d 84; *Bell v. Wabash Ry. Co.* (8th Cir. 1932), 58 F.2d 569.

The majority holds that plaintiff's cause of action is barred under the doctrine of *res judicata*. Thus, the majority, in effect, holds that the statute of limitations was not tolled during the time that plaintiff's cause of action was on file in Illinois and Texas. However, this holding is in direct conflict with the law set forth by the Supreme Court of the United States in *Burnett v. New York Central R.R. Co.* (1965), 380 U.S. 424, 13 L. Ed. 2d 941, 85 S. Ct. 1050.

In *Burnett* the plaintiff brought an action on March 13, 1963, under

the Federal Employers Liability Act (45 U.S.C. §51 *et seq.*) in the trial court of Hamilton County, Ohio, alleging that he had been injured on March 17, 1960, in Indiana while in the course of his employment with the defendant. The action was dismissed upon defendant's motion because of improper venue. On June 12, 1963, eight days after his State court action was dismissed, plaintiff brought an identical action in the United States District Court for the Southern District of Ohio. The District Court dismissed plaintiff's complaint on the ground that although the State suit was brought within the limitation period, the Federal action was then barred by the limitation of 45 U.S.C. § 56, which provides "that no action shall be maintained under this Act unless commenced within three years from the day the cause of action accrued."

The Supreme Court reversed, holding the plaintiff's State court action tolled the Federal limitation provision of the statute and therefore plaintiff's Federal action was timely. The court said that considering the purposes and policies underlying the Federal Employers' Liability Act and the limitation provisions of the Act itself, the statute is tolled when a plaintiff begins a timely FELA action in a State court of competent jurisdiction, service of process is made upon the opposing party, and the State court action is later dismissed because of improper venue.

The court explained that statutes of limitations are primarily designed to assure fairness to defendants by preventing surprise after evidence may have been lost, memories faded and witnesses have disappeared. The court called this a "policy of respose." The Supreme Court went on to explain that the policy of respose would not apply where the plaintiff had not slept on his rights, but had brought an action within the statutory period in a State court of competent jurisdiction. The court stated that the defendant under these circumstances could not have relied upon the policy of repose embodied in the limitation statute, for it was always aware that plaintiff was pursuing his FELA remedy. The court further stated that the humanitarian purpose of the Federal Employers Liability Act made it clear that Congress would not wish a plaintiff deprived of his rights when no policy underlying the statute of limitations would be served in so doing.

The *Burnett* case was followed by the United States Court of Appeals for the Eighth Circuit in *Billings v. Chicago, Rock Island & Pacific R.R. Co.* (8th Cir. 1978), 581 F.2d 707. In *Billings* the Court of Appeals held that where the plaintiff had timely filed a Federal liability action in a State court of competent jurisdiction, service of process was made upon defendant, and State court action was later dismissed because of improper venue, and where defendant was not surprised by bringing of the Federal action, the statute of limitations was tolled while the suit was on file.

In the case at bar, there is no question but that defendant knew at all times that plaintiff was asserting a claim against him and there is no conceivable way that defendant could have relied upon the policy of repose embodied in the limitation statute.

In *Geneva Construction Co. v. Martin Transfer & Storage Co.* (1954), 4 Ill. 2d 273, 122 N.E.2d 540, our supreme court said:

> "Statutes of limitation, like other statutes, must be construed in the light of their objectives. The basic policy of such statutes is to afford a defendant a fair opportunity to investigate the circumstances upon which liability against him is predicated while the facts are accessible. That purpose has been fully served here." (4 Ill. 2d 273, 289-90, 122 N.E.2d 540.)

The court then referred to the following observation by Mr. Justice Holmes in *New York Central & Hudson R.R. Co. v. Kinney* (1922), 260 U.S. 340, 346, 67 L. Ed. 294, 43 S. Ct. 122:

> "Of course an argument can be made on the other side, but when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied."

The appellant also contends that under Federal law the defendant is estopped by its conduct from urging the FELA limitation period as a bar to plaintiff's action. I agree.

The majority has erred in this case by holding that plaintiff's cause of action was barred by the statute of limitations under the principle of *res judicata*, has erred by holding that plaintiff's cause of action did not toll the statute of limitations contained in the Federal Employers Liability Act while plaintiff's case was on file in Illinois and Texas, has erred in holding that State law rather than Federal law applies in this case, and has erred in holding that the defendant is not estopped by its conduct from urging the FELA limitation in this case.

Except for a period of approximately 14 months, plaintiff's FELA suit has been pending in either Illinois or Texas courts since December 7, 1967, when the present cause of action accrued. More than 10 years have elapsed since plaintiff first filed his complaint, yet no court has granted him a hearing on the merits. It is evident that Texas no longer is a forum in which this action may be brought. Fundamental fairness dictates that plaintiff have his day in court. Accordingly, I would reverse the decision of the circuit court of St. Clair County dismissing plaintiff's complaint.